## David Harrell v. The Mexico Cattle Company.

### No. 6247.

1. **Garnishment—Answer.**—The service of a writ of garnishment upon a corpo-ration fixes a lien upon the shares of stock of the corporation owned by the defendant. This lien, if followed by judgment and foreclosure, appropriates such stock from the date of the service of the writ. Nor is the right of the plaintiff affected by the subse-quent service upon the corporation by other creditors of like writs, even though these creditors should obtain judgment before the plaintiff in the first writ obtained his judg-ment.

2. **Answer of Garnishee.**—An answer by a garnishee to a second writ served upon him which discloses the service of the first writ does not thereby confer upon the plaintiff in the junior writ any rights as against the older writ.

3. **Principal Office of Corporation.**—Service of a writ of garnishment was made at the counter or paying teller's desk in a bank. The defendant company transacted business in an adjoining room in the building, *Held*, such service was not had at the principal office of the defendant company.

4. **Service Upon Principal Officer.**—Service upon one not an officer but who was elected to the office three days after the service is not valid service upon the corpora-tion.

5. **Service.**—That the officers of a corporation may have known of the issuance of the writ does not dispense with the regular service as provided by the statute.

Appeal from Mitchell. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Jennings & Martin*, for appellant. —1. The petition failed to show the plaintiff had a good defense should the judgment be set aside. Sharp v. Schmidt & Zeigler, 62 Texas, 263; Snow v. Hawpe, 22 Texas, 171;. Ableman v. Roth, 12 Wis., 81; High on Inj., 113–15.

2. On service at principal office. Kibbe v. Benson, 17 Wall., 624;. Rev. Stats., art. 1223.

3. Service upon officer. Johnson v. Templeton, 60 Texas, 238; Plum-mer v. Power, 29 Texas, 16; Burnley v. Rice, 21 Texas, 183; Miller v. Alexander, 13 Texas, 497.

4. The defendant company had notice of the issuance of the writ. Spencer v. Kinnard, 12 Texas, 180.

*Sexton & Smith*, for appellee. —1. The petition set forth a meritorious defense. Seligson v. Brown, 61 Texas, 114; Strange v. H. & T. C. R. R. Co., 53 Texas, 163; Snow v. Hawpe, 22 Texas, 171; Morrison v. Lof-tin, 44 Texas, 23; McCoy v. Crawford, 9 Texas, 356; Ableman v. Roth, 12 Wis., 92; Freem. on Judg., 3 ed., sec. 495; High on Inj., 2 ed., secs. 229, 278; Witt v. Kaufman & Kleaver, 25 Texas Supp., 384.

2. As to principal place of business. Roberts v. Stockslager, 4 Texas, 307.

3. Service upon officer. "No man can be held bound by a suit to which he has not been made a party in some of the modes provided by law."

Morrison v. Loftin, 44 Texas, 23; McCoy v. Crawford, 9 Texas, 356; Snow v. Hawpe, 22 Texas, 171; Ableman et al. v. Roth et al., 12 Wis., 92; Freem. on Judg., 3 ed., sec. 495; High on Inj., 2 ed., secs. 229, 278; Witt v. Kaufman & Kleaver, 25 Texas Supp., 384.

Gaines, Associate Justice.—This was an original action brought by the appellee, a corporation, to set aside a judgment by default against it in a garnishment proceeding in which the appellant was plaintiff. Appellant on the 1st day of April, 1884, brought an action of debt in the District Court of Mitchell County against one Howell Brown, and on the same day caused to issue a writ of attachment against the property of the defendant, and also a writ of garnishment to appellee. The writ of garnishment was returned by the sheriff as executed on the same day it came to his hands " by delivering to E. F. Swinney, the secretary and treasurer of the Mexico Cattle Company, a true copy of this writ." No answer was filed by the garnishee, and a judgment by default was rendered against it in October, 1884. In May, 1885, the petition in this suit was filed.

The petition alleged that the writ of garnishment was not served upon the appellee as the return shows, because at the time of the service E. F. Swinney was not secretary and treasurer of the corporation; that it had no notice of the garnishment proceedings and of the judgment against it until long after the adjournment of the term of the court at which the judgment was rendered, and that it had a meritorious defense. The facts constituting the defense were set out in detail.

The appellant alleged in his answer that Swinney was the secretary and treasurer of the company at the time the writ was served, and that if not both he was either the one or the other; also that the writ was in fact delivered at the principal office of appellee and that certain officers of the company had actual notice that the writ of garnishment had issued before the judgment was rendered.

The first assignment of error is that the court erred in overruling the demurrer to the petition on the ground that the allegations did not show a meritorious defense to the garnishment proceedings. The petition denied all indebtedness to Brown, but alleged that he had once owned shares of stock in the corporation; that at the time he purchased the shares he pledged them to A. W. Dunn and John Harris to protect them against liabilities as his sureties on a note executed by him for the purchase money of the shares; that they had paid the note, and that Brown had never indemnified them. It was also alleged that subsequently in a proceeding in favor of the First National Bank of Colorado against Brown as defendant and the present appellee as garnishee the shares were sold as the property of Brown and that Dunn became the purchaser.

The writ of garnishment by virtue of which the shares were claimed

to have been sold was alleged to have been served upon appellee on the 28th day of February, 1884, and the sale was alleged to have been made on the 25th of October, 1885. The judgment on that writ ordering the sale was rendered on the 20th day of March, 1885. Appellant here contends that since the sale was not made until after his writ was issued and served and judgment was rendered in his favor, it passed no title to Dunn as against him, and that by his purchase Dunn and Harris waived their rights as pledgees. Neither proposition can be maintained. By the service of the first writ of garnishment the plaintiff in that suit acquired a quasi lien upon the shares, and a sale under a judgment of condemnation in that suit passed the title as against a subsequent garnishment, although the judgment in the latter case may have been first rendered. Rev. Stats., arts. 196, 208, 209.

The writ of garnishment in such a case is virtually a process of attachment, and the same rule should apply as in cases of the successive levies of writs of attachment proper. Brown had a right of redemption in the shares pledged to Dunn and Harris which was subject to forced sale, and neither pledgee waived any right by purchasing at such sale. But the judgment which is sought to be set aside by this suit is not a judgment for the sale of the shares of stock claimed by appellant to belong to his debtor Brown.

The appellee not having answered the writ of garnishment, a judgment was rendered against it for the amount of appellant's judgment. In the petition in this case appellee alleged that it owed Brown nothing and never had owed him anything. Therefore if Brown did own shares in the company that fact would furnish no reason for not setting aside the money judgment against it, provided there had been no service upon it. It would be the right of the corporation to vacate an improper judgment rendered without service, although the facts might warrant another judgment against it.

The appellant on the trial below sought to show that the writ of garnishment under which he obtained his judgment was properly served by being left at the principal office of the appellee. The writ was delivered to Swinney in the banking room of the Colorado National Bank. The appellee's books were kept in the vault of the bank, but its business was transacted in a rear room of the bank building, which was cut off from the banking room proper by a screen. At the request of appellee's counsel the court gave the following charge:

"If you believe from the evidence that the place of business on the 1st day of April, 1884, of the Mexico Cattle Company was in the rooms or one of them in back or rear part of the Colorado National Bank building, and was not at the counter or paying teller's desk of said bank, then service of a writ of garnishment on E. F. Swinney at the counter or paying teller's desk of said bank was not such service as the law required to

be made on the Mexico Cattle Company in order to oblige it to answer, and if you so believe you will find for plaintiff on this branch of the case."

The court qualified the instruction by charging that the effect of their finding the facts therein stated would be that the writ was not properly served merely by being left in the room of the bank.

In giving this instruction there was no error. The fact that the room where the cattle company did its business was annexed to the office of the bank and the officers of the former may have been engaged in the latter room did not make the banking room proper the office of appellee.

The third assignment of error is too general to be considered. To say that "the court erred in overruling defendant's motion for a new trial for all the reasons stated in the motion" does not render the assignment more specific than if the latter clause had been omitted.

The fourth assignment contains five specific propositions to sustain appellant's contention that the verdict of the jury is contrary to the law and the evidence. The first is that the testimony showed "a good and valid service upon E. F. Swinney, the secretary and treasurer" of the company. The writ was delivered to Swinney on the 1st day of April, 1884. He testified that he was not the secretary of the company on that day, but was elected on the 4th day of that month. One Hendrix testified that he was secretary on the 1st of April and that Swinney was elected on the 4th. Other witnesses corroborated these in regard to this matter. The testimony was amply sufficient to warrant the jury in finding that so much of the sheriff's return as described Swinney as "the secretary and treasurer" of the company on the day of the service of the writ was not true.

The second proposition under the fourth assignment is to the effect that the evidence showed that a copy of the writ was left at the principal office of the company within office hours. We think, however, that the testimony failed to show that the room where the writ was served was the principal office of the company. The jury were warranted in concluding that another room in the same building was such office.

The third and fourth propositions submit that the evidence showed that the officers of the appellee corporation had actual notice of the issue of the writ of garnishment, or at least knowledge of such facts as should affect them with constructive notice. We are of opinion that these propositions are based upon a misapprehension of the law of the case. In ordinary actions courts acquire jurisdiction over the persons of defendants so as to render binding judgments against them by the service of process in the manner provided by law. Service may be waived by express stipulation in writing or by the voluntary appearance of the party either in person or by attorney. But we know of no authority for holding in any case that actual knowledge of the existence of a suit or the issue of a writ will supply the want of service.

A defendant may know that a suit has been brought against him, yet he is not bound to take action until he has been duly served with process. He may justly conclude that the court will see that he has been duly cited before acting, and hence is not presumed to know of a judgment that has been rendered against him without jurisdiction. A proceeding under a writ of garnishment is not an exception to the rule. On the contrary the garnishee can not accept service or voluntarily answer so as to affect the right of the defendant in the original suit or judgment or that of his creditors. The writ of garnishment takes effect so as to fix a prior claim upon the fund which is sought to be reached only by the service of the writ in the manner provided by law. Until this is done the garnishee can not be in any manner affected by the suit.

Appellant's last proposition is that the verdict is contrary to the law and evidence because the appellee wholly failed to show that Swinney was not its treasurer when the writ of garnishment was served. An examination of the motion for a new trial discloses that this matter was not made a ground of the motion. In Allen v. Stephanes, 18 Texas, 658, Chief Justice Hemphill says: "No judgment will be reversed in this court on the ground that the verdict is not supported by the evidence unless there has been a motion for a new trial in the court below;" and it must be added that the motion should distinctly specify the ground on which the reversal is sought. If the question had been properly presented it would have demanded very serious consideration.

The statement of facts does not disclose who was treasurer of the corporation. The record suggests the inference that the two offices of secretary and treasurer may have been combined in one—that is, that the charter of appellee may have provided for the election of one officer who was to perform the functions both of a secretary and a treasurer. In appellant's motion for a new trial the office is mentioned as "the office of secretary and treasurer." But in the present state of the record we need not pass upon the effect of the want of more specific proof upon this matter.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered April 30, 1889.