## W. J. SPENCER V. J. C. JAMES ET AL.

### No. 1742.

1. **Consolidation of Cases.**—J. brought suit against a bank to compel a transfer to him of a certificate of its stock, joining S., who also claimed the certificate, and S. by cross-bill therein asked judgment against the bank for the value of the stock as for its conversion, and afterwards S. filed in the same court his suit against the bank alone for the conversion of the stock. Upon motion of the bank the two cases were consolidated. *Held*, that as the cause of action asserted by S. against the bank was the same in each case, such consolidation was not as to him an abuse of judicial discretion.

2. **Plea to Jurisdiction—Waiver.**—Where a defendant files his plea to the jurisdiction, asserting his privilege to be sued in the county of his residence, and allows two terms of court to pass without asking action thereon, he thereby waives the plea.

3. **Equitable Action to Compel Transfer of Corporate Stock.**—An equitable action by an assignee of corporate stock, against one holding it as an implied trustee, to compel a transfer of the stock to himself, may be maintained without showing the insolvency of the defendant, and without recourse to the legal remedy for damages for its conversion.

4. **Practice—Findings of Fact by Trial Court—Exceptions Below.**—Complaint that the trial court's findings of fact do not warrant the judgment because defective in not specifically finding certain facts involved, is of no avail where the record fails to show that any proper exception on this account was reserved below by bill of exceptions or by exception in the judgment entry, or that such objection was urged in the motion for new trial.

5. **Same—Bill of Exceptions Necessary.**—Where the ground urged in a motion for new trial is that the case was tried in violation of an agreement of the attorneys for its postponement, the action of the court in overruling the motion will not be revised when there is in the record no bill of exceptions showing what evidence as to the existence of such controverted agreement was heard by the court.

6. **Same—Request for Additional Findings of Fact.**—Where the trial court's findings of fact are defective in omitting to specifically find certain facts involved, a request for fuller and more specific conclusions should be presented to the court, and an exception reserved to its refusal to grant the request.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*M. B. Templeton* and *Smith & Basham*, for appellant.—1. Suits should only be consolidated when the plaintiffs are the same. This is statutory. Rev. Stats., art. 1450.

2. If in fact J. C. James was the true owner of certificate of stock in the State National Bank, and entitled thereto, and said bank refused to recognize him, as alleged, then the remedy of James is an action for conversion for the value of the stock against the bank. A mandamus to compel the issuance to him is not the proper remedy, unless, perhaps, insolvency be pleaded and proven, or some special value of the stock be alleged showing that the remedy at law is inadequate. Baker v. Wasson, 59 Texas, 145; Cuchman v. Mfg. Co., 76 N. Y., 368; Gresham v. Bank, 1 Texas Civ. App., 52; Bank v. City Bank, 35 N. W. Rep., 577; 8 Am. St. Rep., 643, and notes; 36 Am. Rep., 771, and notes; 87 Am. Rep., 351, and notes; High Ex. Leg. Rem., 2 ed., sec. 313, p. 26; 1 High on Injunc., sec. 86.

*Stephens, Huff & Camp*, for appellee James.—1. W. J. Spencer was plaintiff in both cases, number 466 and number 557, against the State National Bank, seeking to recover of the bank in both cases for conversion of the bank stock, and they were therefore properly joined, and no injury did or could result to appellant. Haile v. Langdon, 60 Texas, 555; Young v. Gray, 65 Texas, 99.

2. The appellant having failed to present his plea of abatement or his exception to the petition on the ground that it showed his residence

to be in Ellis County, at the first term of the court after filing the same, thereby waived the same. Peveler v. Peveler, 54 Texas, 53; Walsin v. Baker, 67 Texas, 48; Howard v. Britton & Co., 71 Texas, 286; Blum v. Strong, 71 Texas, 321.

3. The appellee James did not hold the legal title to the stock, but had and held the equitable interest therein, the stock having never stood on the books in the name of James, as required by the banking laws of the United States, and was held by appellant as constructive trustee for him. Rev. Stats., arts. 193, 208–210; Rev. Stats. U. S., sec. 5139; Howell v. Mexica Calth. Co., 73 Texas, 622; Bank v. Seton, 1 Pet., 299; Dewing v. Perdicaries, 96 U. S., 193; Tel. Co. v. Davenport, 97 U. S. 1047; Mora. Priv. Corp., secs. 216, 219; Fanning v. Durham, 5 Johns. Ch. (N. Y.), 122; 1 High on Injunc., secs. 29, 30.

4. If shares are held by a corporation or individual upon an express or implied trust for another, a court of equity will always furnish a remedy to the cestui que trust against the trustee to protect his equitable right, and to obtain a transfer of the legal title. Mora. Priv. Corp., secs. 208, 219; 96 U. S., 105, 197; 1 High on Injunc., sec. 30.

5. There were no exceptions entered up in the judgment entry, or any bill of exceptions taken to the conclusions of the court on findings of fact or law. District Court Rule 55; Rev. Stats., art. 1333; Ice Co. v. Millican, 64 Texas, 46.

*H. C. Thompson,* for appellee The State National Bank of Vernon.

1. Where two suits are consolidated they make thereafter but one suit, and it makes no difference that the plaintiff in one is defendant in the other. Castro v. Whitlock, 15 Texas, 437.

2. A court of equity has, it is said, an inherent discretionary power apart from the statute to consolidate suits pending before it, in order to avoid a multiplicity of suits and trials, when such consolidation can not injure any party. Story's Eq. Pl., 10 ed., sec. 287, note A; Biron v. Edwards, 77 Wis., 477.

3. In England, a motion to consolidate suits in equity is addressed to the discretion of the court, and if granted below will not be interfered with by a higher court if the suits involve the same subject matter. Story's Eq. Pl., sec., 287; Woodburn v. Woodburn, 23 Ill. App., 289; Newberry v. Alexander, 44 Ohio St., 346.

4. When there is no statement of facts, and the conclusion of facts and law of the district judge are found in the record, in order to reverse the judgment it must affirmatively appear to be wrong from the facts found by the judge. Ivey v. Harrell, 1 Texas Civ. App., 226.

5. In this case everything will be presumed to have been proven which could have been legally proven under the issues. Collison v. Autry, 4 Texas, 371; Bond v. Mallow, 17 Texas, 636; Curry v. York, 3 Texas, 357; Walling v. Kinnard, 10 Texas, 508; Gentry v. Schneider, 77 Texas, 3.

TARLTON, CHIEF JUSTICE.—The appellee J. C. James, on May 2, 1892, brought this suit, number 466, against the State National Bank and against W. J. Spencer, a resident of Ellis County, Texas, and appellant herein.

The allegations of the plaintiff's petition are to the following purport: On and before December 18, 1890, B. P. McFarlin & Co., a firm composed of B. P. McFarlin and R. M. McFarlin, were indebted to T. M. James & Sons, of Kansas City, Mo. On this indebtedness T. M. James & Sons recovered, on August 22, 1891, a judgment against B. P. McFarlin & Co., in the sum of $768.81. On December 18, 1890, T. M. James & Sons caused to be issued and served a writ of garnishment upon the State National Bank of Vernon, and on the 14th day of January, 1892, obtained in this garnishment proceeding a judgment against the bank, finding that R. M. McFarlin owned ten shares of the capital stock of the bank, represented by certificate number 73, standing on the books of the bank in the name of R. S. Kelly. By virtue of the judgment thus obtained, and of a writ of execution issued in accordance therewith, the ten shares described were on the 22nd day of March, 1892, duly sold and title thereby transferred to J. C. James as the purchaser. On demand made by James for the issuance to him of its certificate of stock in lieu of certificate number 73, the bank refused to recognize his title to the stock. The defendant W. J. Spencer was in possession of the stock, claiming to be the owner, by virtue of an indorsement thereof to him, which claim was asserted for the purpose of aiding R. M. McFarlin in covering up his property, and of defeating the plaintiff in the collection of his debt, and was acquired after the issuance and service of the writ of garnishment upon the bank, and with full knowledge thereof. Spencer was seeking the issuance by the bank of a certificate of stock to him, and the bank would, in violation of the judgment of the court, so issue its certificate of stock to Spencer, unless restrained. If the certificate should be thus issued to Spencer, he would be enabled to transfer the same, and thus defeat the title of the plaintiff to the stock, which is of value of $1000. The bank refused to recognize plaintiff's right to the stock. The petition concluded with a prayer for a writ of injunction restraining the bank from issuing a certificate for the stock named to any person other than the plaintiff, and restraining W. J. Spencer from demanding the stock and from transferring certificate number 73, and requiring him to hold the certificate until final disposition by the court, and that the bank be required by mandatory writ of injunction to issue a certificate for the stock to the plaintiff.

On July 29, 1892, the defendant Spencer filed an answer asserting his privilege to be sued in the county of his residence, and excepting to the jurisdiction of the District Court of Wilbarger County over his person. He denied any equity in the bill, and by way of cross-bill against his codefendant the bank, he prayed judgment for the value of the stock as for conversion, alleging ownership in himself, and an

adjudication of the title to the stock by the District Court of Ellis County in a case to which he and the bank were parties.

On November 21, 1892, the appellant, Spencer, filed his cause, number 557, in the District Court of Wilbarger County, against the State National Bank alone. He alleged his ownership of the stock in controversy, a demand by him of the bank for the issuance of a new certificate, and a refusal to comply with this demand. He further alleged an adjudication on March 17, 1892, by the District Court of Ellis County, of the ownership of the stock, as between himself and the defendant bank. He prayed for a judgment against the bank for the value of the stock, as for conversion.

In each of these causes the defendant bank filed an answer averring that Spencer was not the owner of the stock, that he had no interest in it; that it was ready and willing to issue a certificate for the stock in controversy to the person to whom it belonged; that James and Spencer were both claiming it; that both had judgment against the bank; and it prayed that the matter be adjudicated between the two claimants. In its original answer, filed January 31, 1893, in the cause number 557, it prayed that the two cases should be consolidated, alleging that the title to the identical stock was in controversy in each case, and that the evidence with reference to the issue was substantially the same.

The cause was called for trial at a regular term. In the absence of the appellant and of his counsel, the prayer for consolidation was repeated in a motion to that effect presented by the bank. The motion was granted, the trial had, and a judgment rendered on August 10, 1893, for plaintiff, in accordance with the prayer of his petition.

The court filed conclusions of fact, reciting, in effect, the judgment recovered by James & Sons against McFarlin & Co., the issuance of the execution and levy thereon, and the sale of the stock to the plaintiff J. C. James, and the consequent transfer to him by the sheriff, as averred in his petition. It further found the refusal by the bank on his request to issue a certificate for the ten shares of stock in controversy to him, and its refusal to recognize in any manner the plaintiff as one of its shareholders, on the ground that W. J. Spencer was claiming the stock in controversy. It further found, reciting the consolidation of the causes on the motion of the defendant bank, that on the issues contained in the pleadings of the plaintiff James and of the defendant bank, the defendant Spencer or his attorney not being present, and upon the evidence adduced on the trial, that at the date of the issuance and service of the writ of garnishment, as already detailed, the stock in controversy was the property of R. M. McFarlin, and subject to the writ. Whence the court concluded as a matter of law, that the plaintiff James was the owner of the stock and entitled to a certificate in his own name; that the defendant bank should be perpetually enjoined from issuing a certificate for the stock to W. J. Spencer; and

that the defendant Spencer should be restrained from claiming the stock.

The record contains no statement of facts, and the conclusions of fact found by the court are adopted by us.

*Opinion.*—The action of the court in consolidating the two causes, under the circumstances above detailed, can not be regarded as a ground for serious complaint. As against the bank, the appellant, Spencer, was the plaintiff in each case—by his cross-bill in cause number 466, and by his original petition in cause number 557. The cause of action asserted by him was the same in each instance. We find no such abuse of discretion on the part of the court, and no such injury to the appellant, as would authorize us to condemn its action in the respect named. Young v. Gray, 65 Texas, 99; Harle v. Langdon, 60 Texas, 555.

It follows, that the court was not called upon to dismiss cause number 557 for want of prosecution, nor did it err in failing to sustain the appellant's personal plea to the jurisdiction of the court in cause number 466. It appears that this plea had been filed on July 29, 1892; that two terms of the District Court had passed without any attempt by the appellant to invoke the action of the court thereon. He must be deemed to have waived it, had it been meritorious if duly presented. Blum v. Strong, 71 Texas, 321.

We must overrule the sole proposition asserted under the appellant's fourth assignment of error, to the effect that the plaintiff could not invoke equitable relief, such as he here seeks to assert, in the absence of pleading and proof showing insolvency on the part of the defendants. This must be regarded as an equitable proceeding to enforce the transfer of stock on which a lien had been previously fixed by a garnishment proceeding. Under the averments of the petition, the plaintiff held an equitable interest in the stock, though the legal title was elsewhere, as the stock did not appear upon the books of the bank in the name of the plaintiff. It would therefore seem, under the facts alleged, that the bank held the property in trust for the plaintiff, and that he should be entitled to relief in equity against it to protect his right and to compel a transfer. Harrell v. Cattle Co., 73 Texas, 612; Bank v. Seton, 1 Pet., 299; Dewing v. Perdicaries, 96 U. S., 193; Tel. Co. v. Davenport, 97 U. S., 1047; Mora. Priv. Corp., secs. 219, 216, 208.

We are not prepared to hold that an action for damages as for the conversion of the stock would be an adequate remedy at law, since the owner of the stock might prefer the property itself to its equivalent in money. It would seem that where an action in equity and one at law would alike lie, it is not for the "wrongdoer to prescribe to the injured person what his remedy shall be." Baker v. Wasson, 59 Texas, 145. We have seen that this proceeding was to enforce the transfer of stock, by virtue of the fact that the bank was the implied

trustee for the plaintiff, and an equitable remedy therefore could be properly invoked.

It is claimed that the judgment of the court is not supported by the conclusions of fact found, and that the court omitted a finding of such facts as would justify a judgment against Spencer, in that it fails to find when the stock was issued to R. S. Kelly, or that it went into the hands of appellant, or that Spencer held the stock in collusion with McFarlin or for his benefit, or that the stock was of any value.

The record presents no exceptions to the conclusions of the court in reference to the matters of omission referred to. We find what purports to be a bill of exceptions in this respect, but this does not appear to have been filed among the papers nor called to the attention of the court. We are unable to consider this as a bill of exceptions. The motion for a new trial filed by the appellant fails to call the attention of the court to any special feature wherein its findings of fact were defective. Accordingly, it does not appear that any proper exception was reserved, either by bill of exception or by exception in the judgment entry, to the action of the court with reference to its conclusions of fact.

Under such circumstances, it would seem to be our duty to impute to the court an actual finding of all such facts as would justify its judgment, under the pleadings of the parties. Ins. Co. v. Milliken, 64 Texas, 46; Biggerstaff v. Murphy, 3 Texas Civ. App., 365.

The court informs us, that it adjudicated the issue upon the pleadings of the plaintiff and of the defendant bank. The pleadings of these parties directly raised the issue adjudicated, including the title of the stock in Spencer, and consequently the judgment seems to be covered by the averments considered. The conclusions of fact found by the court show that the plaintiff was entitled to a transfer of the stock, with the privileges and benefits incident thereto, and that consequently he was likewise entitled to such process as under his averments would secure to him the enjoyment of these privileges. Strange v. Railway, 53 Texas, 162.

It appears, that in compliance with the request by the attorney for the appellant to have these two cases set for a day certain, the attorney for the appellee bank agreed to attempt to secure a trial on August 9th. It is contended by the appellant, that subsequent to this agreement a further agreement was had, postponing the cases until September 1st. A motion for new trial founded upon the fact that the cause was tried on August 10th, in violation of the latter agreement, was overruled by the court, and this action is assigned as error.

The contention of the appellant resting upon this agreement was sharply controverted by the attorneys for the appellees, and the fact of the agreement was by them denied. Affidavits pro and con were filed. This matter was determined by the trial court upon the issue thus presented. While the record contains, in connection with the affidavits, much correspondence passing between the attorney for the

appellant, residing at Waxahachie, and his correspondents at Vernon, there is in the record no bill of exceptions showing what evidence upon the issue presented was heard by the court. We are not prepared to conclude that the court erred in holding that the attorneys for the appellees had not entered into the agreement alleged by the appellant, and strenuously denied by them.

Having failed to find merit in any of the assignments presented, we order that the judgment be affirmed.

*Affirmed.*

Delivered April 29, 1895.

### ON MOTION FOR REHEARING.

TARLTON, CHIEF JUSTICE.—We deem it proper to advert only to the first ground of this motion, in which complaint is made with reference to our action regarding the purported bill of exceptions to the conclusions of the court.

The assignment of error predicated upon this instrument is as follows: "There is no finding of fact upon which judgment should be rendered directing the bank to issue the certificate of stock to James, nor to enjoin W. J. Spencer in the premises in any manner whatever. The court failed to find when the stock was issued to R. S. Kelley. He fails to find when it went into the hands of appellant, W. J. Spencer, or indeed that it ever went into his hands at all. He fails to find that Spencer was setting up any claim to it in any manner. He fails to find that Spencer held the stock in collusion with McFarlin, or for his benefit. He fails to find any value to the stock. In fact, he fails to find anything, except judgment for James."

If we be in error with reference to the character of the instrument alluded to in this connection in our original opinion, we must adhere to the conclusion there reached in regard to the disposition of the assignment of error. We think that the findings of fact were sufficient to justify the judgment directing the issuance of the certificate of stock to James, and enjoining W. J. Spencer. If the findings were defective on account of the matters of omission referred to in the assignment, a request for fuller and more specific conclusions should have been presented to the court, and an exception reserved to its refusal to grant the request. This was not done. The following authorities are regarded as decisive of the necessity of such action on the part of the appellant: Fitzhugh v. Land Co., 81 Texas, 313; Railway v. Fossett, 66 Texas, 338; Cattle Co. v. Burns, 82 Texas, 58.

The motion is overruled.

*Overruled.*