NATIONAL LIVE STOCK INS. CO. v. WARREN.    (No. 1540.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1915.)

1. APPEAL AND ERROR ⚫═931—REVIEW—PRESUMPTIONS.

Where the evidence warranted a finding of facts sufficient to support the judgment by the trial court, but such a finding was not included in the court's written findings, it will be presumed that such facts were found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. ⚫═931.]

2. INSURANCE ☞665 — LIVE STOCK INSUR-
ANCE—FINDINGS.

In an action on a policy insuring a horse,
where there was no testimony suggesting that
the death of the animal was due to one of the
excepted causes, the court is warranted in find-
ing that the horse died from disease, or acci-
dental injuries as covered by the policy.

[Ed. Note.—For other cases, see Insurance,
Cent.Dig. §§ 1555, 1707–1728; Dec.Dig. ☞665.]

Appeal from Smith County Court; Jesse
F. Odom, Judge.

Action by Hugh A. Warren against the
National Live Stock Insurance Company.
From judgment for plaintiff, defendant ap-
peals. Affirmed.

The suit was on a policy issued by appel-
lant insuring appellee for a period of one
year from April 10, 1914, in the sum of $200,
against loss of a stallion—

"by death caused by disease, fire, lightning,
cyclone, accidental injuries, or by reason of a
broken leg when found necessary by attending
veterinarian to destroy. the animal's life, with
the exceptions set forth and printed on the back
hereof, which are specially referred to and made
a part of this policy."

The exceptions referred to as set forth on
the back of the policy were there specified
as follows:

"The perils indemnified against by this policy
do not include the death of any animal if at any
time during the life of this policy it shall have
been castrated, or it shall have foaled, or it
shall have been transported from one place to
another; death from sickness or disease con-
tracted, or injury occurring, prior to the delivery
of this policy; death of any animal which is
caused by any person, whether acting under
or by virtue of any law or otherwise; loss by
death after the premium has remained unpaid
for 30 days from the date of policy; death from
disease having its inception, or injury hap-
pening, during the period of such default."

The horse died November 30, 1914. The
cause of his death was not shown other-
wise than as it might be inferred from tes-
timony of appellee, as follows:

"He (the horse) had not shown any signs of
sickness before the night of his death. I heard
him making a noise at the barn, and went out
and opened the door. As soon as I opened the
door, he fell out of the barn and was dead be-
fore I could put a bridle upon him. I did not
have time to get a veterinary surgeon or any
one to treat him. I do not know what caused
his death. He had never been sick but once be-
fore, and that was for but a few moments."

The trial was to the court without a jury,
and resulted in a judgment in favor of appel-
lee for $200, interest and costs.

Simpson, Lasseter & Gentry, of Tyler, for
appellant. J. A. Bulloch and B. C. Johnson,
both of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as
above). [1, 2] The trial court reduced to
writing findings of fact made by him. Among
them was not a specific finding as to the
cause of the death of the horse, but there
was one that he "died very suddenly on the
night of November 22, 1914, without any
fault upon the part of H. A. Warren, and

without having shown signs of any previous
illness." The contention, and the only one,
made on this appeal, is that the finding speci-
fied "was not a sufficient finding of fact to
authorize the court to render judgment on
the policy of insurance herein sued on." If
it should be conceded, and we think it must
be, that the finding left undetermined the
question as to whether the death of the horse
was from a cause provided against in the
policy or not, it would not follow that the
judgment therefore should be reversed; for,
in the absence of a finding determining that
question, if there was testimony which would
have authorized the trial court to find that
his death was from such a cause, this court,
in support of the judgment, would have to
presume that he so found. Malone v. Fisher,
71 S. W. 996; Fitzhugh v. Land Co., 81 Tex.
306, 16 S. W. 1078; Spencer v. James, 10
Tex. Civ. App. 327, 31 S. W. 540, 43 S. W.
556; Drake v. Davidson, 28 Tex. Civ. App.
184, 66 S. W. 889. If the burden was on
appellee to show not only the death of the
horse, but also the cause of his death, we
think the trial court, in the absence, as was
the case, of testimony tending to show, or
even suggesting, that his death was due to
one of the excepted causes, had a right to
infer from the testimony of appellee set out
in the statement above that the horse died
from disease or accidental injuries provided
against in the policy. The circumstances as
to his death shown by that testimony to our
minds negatived an inference therefrom that
he died from any of the excepted causes, but
indicated, instead, that his death was due to
sudden illness or accidental injuries covered
by the policy.

The judgment is affirmed.