In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00333-CV
_____

OFFSHORE EXPRESS, INC., OFFSHORE SPECIALTY FABRICATORS, LLC, OFFSHORE INTERNATIONAL GROUP, OFFSHORE SHIPBUILDING, INC., AVID, LLC, AVID AIR, LLC, FAIRWAYS, INC., FAIRWAYS EXPLORATION AND PRODUCTION, LLC, PISCO PORTON, LLC, AND FS AIR SERVICE, INC., Appellants

V.

KLEIN INVESTIGATIONS AND CONSULTING, A DIVISION OF KLEIN INVESTMENTS, INC., Appellee

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-199,953-A

## MEMORANDUM OPINION

Appellants Offshore Express, Inc.; Offshore Specialty Fabricators, LLC; Offshore International Group; Offshore Shipbuilding, Inc.; Avid, LLC; Avid Air, LLC; Fairways, Inc.; Fairways Exploration and Production, LLC; Pisco Porton, LLC; and FS Air Service, Inc. appeal from the trial court's Severed Default

Judgment rendered in favor of Appellee Klein Investigations and Consulting, a Division of Klein Investments, Inc. Appellants also bring an interlocutory appeal of the trial court's denial of its Motion to Dismiss Plaintiff's Motion for Sanctions Under the Texas Citizens Participation Act ("TCPA"). We reverse and remand in part and we dismiss in part.

Procedural Background

Appellee filed its original petition in cause number B-199,953 against eleven defendants: the ten defendants who were parties to this appeal and one defendant Kallop Enterprises, LLC ("Kallop") who is not a party to this appeal. In the original petition, Appellee claimed that the defendants were liable to the Appellee "jointly as a single enterprise, for breach of contract." Appellee attached a copy of a "Client Services Agreement" to the petition, which states "This agreement is between Klein Investigations and Consulting/Klein Investments, Inc. and The William Kallop Companies, The William Kallop Family Fairways, Inc., Offshore Express Entities, as well as any Kallop organization assigned by William Kallop (herein referred to as the 'client')[.]" The agreement provided for payments of a retainer and stated that $120,000 would be paid twice a year for years one through five and $160,000 would be paid twice a year for years six through ten. The petition alleged that, under the agreement, Appellee provided various services, including investigation, security,

2

and asset monitoring. According to the petition, the defendants "conducted their business with Plaintiff as a joint or single enterprise comprised collectively of all Defendants, who are all related companies operating as a single enterprise." Appellee sought actual and consequential damages and attorney's fees, for a total monetary recovery of $604,026.

On May 22, 2017, Appellee filed a Notice of Filing Return of Service, which stated that the defendants were "served via certified mail, return receipt requested on May 11, 2017[.]" The Notice included attachments that included a page entitled "USPS Tracking Results" and it also included copies of eleven citations and returns of service. The returns of service were filled out by a private process server and included a statement that service was made on each defendant on May 8, 2017, and the returns were signed and executed by the process server on May 9, 2017. On June 8, 2017, Kallop filed a motion to quash service, alleging it had not been served and that the return of service was invalid, as well as a motion to transfer venue.

On June 23, 2017, Appellee filed a motion for entry of default judgment alleging that the defendants had been "served via certified mail, return receipt requested on May 11, 2017[.]" According to the motion for entry of default, the answer date had passed, and the defendants had not filed an answer. Kallop responded to the motion and argued that the attempted service of process on the

defendants and the returns of service on file were defective and that the plaintiff had not properly served Kallop or the other defendants, and that neither Kallop or the other defendants signed the contract. Following a hearing on the motion for default judgment, plaintiff filed a memorandum with the trial court in which it stated that it was not seeking a default judgment against Kallop. The plaintiff then filed a motion to sever requesting that Kallop be retained as the sole defendant in cause number B-199,953 and that the claims against the other ten defendants be severed into a new cause number. The trial court granted the motion to sever and the claims against the other ten defendants were severed into cause number B-199,953-A.[1] The same day, the trial court entered a Severed Default Judgment in cause number B-199,953-A against Appellants "jointly and severally as a single business enterprise," and the trial court awarded the Appellee unpaid amounts, interest, and consequential damages totaling $562,227.30 against Appellants.

Following entry of the severed default judgment, Appellants filed an objection to the improper severance, arguing that "a court cannot sever claims against defendants when (i) the injury is indivisible; (ii) a single cause of action is asserted; and (iii) multiple defendants have the same liability." Appellants also argued that

---

[1] Appellee subsequently filed a motion to dismiss without prejudice to its claims against Kallop Enterprises, LLC, which the trial court granted. Kallop Enterprises, LLC is not a party to this appeal.

4

the trial court severed the lawsuits without a hearing and without giving the defendants an opportunity to respond or object. Appellants also filed a First Amended Motion for New Trial. Appellants argued that "The Court should vacate the void July 11, 2017, default judgment and order a new trial because (i) process service was fatally defective; (ii) the returns of service are fatally defective; and (iii) movants' motion to transfer venue precluded default judgment." In its opposition to the motion for new trial, Appellee argued that Appellants were properly served on May 11, 2017, but refused to appear; that Appellants had actual knowledge of the lawsuit; that if there were defects in service, the only remedy was a motion to quash service; and that Appellants had not met the *Craddock* standards for setting aside a default judgment. After a hearing on the motion for new trial, the trial court denied the motion. Appellants filed a notice of appeal of the default judgment on August 18, 2017.

On November 6, 2017, Appellants filed a Suggestion of Bankruptcy with this Court in which they alleged

> [] On October 1, 2017, one or more of defendants filed voluntary petitions for relief under chapter 11 U.S.C. § 11. *See, e.g.*, No. 17-35623; *In re Offshore Specialty Fabricators, LLC*; in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division.

The appellate record also includes a copy of the Voluntary Petition for Non-Individuals Filing for Bankruptcy filed by Offshore Specialty Fabricators, LLC

indicating that the bankruptcy was filed on October 1, 2017. On November 7, 2017, this Court issued an order stating "This proceeding is abated for administrative purposes only[] and will be treated as a closed case unless timely reinstated by proper motion. *See* Tex. R. App. P. 8.2."

On December 21, 2017, Appellee then filed with the trial court a motion for sanctions against Appellants' attorney alleging that the suggestion of bankruptcy was a "fraudulent pleading[]" and made to stop Appellee's collection efforts. The motion requested sanctions "pursuant to Tex. R. Civ. P. 11" and the trial court's "inherent sanctions power." On December 27, 2017, Appellee filed a "Motion to Dismiss Plaintiff's Motion for Sanctions Under the Citizens Participation Act" arguing that the motion for sanctions should be dismissed because it was based on or related to the defendants' exercise of the right to petition and because the trial court could not award sanctions as requested under Rule 11 or its inherent power. The Defendants also set a hearing on the motion to dismiss under the TCPA for January 4, 2018. Appellee filed a motion to continue the hearing date and for discovery. On January 4, 2018, the trial court held a "Hearing on Plaintiff['s] Motion to Continue Hearing Date and for Discovery on Defendants' Motion to Dismiss Under the TCPA -and- Defendants' Motion to Dismiss Plaintiff's Motion for Sanctions Under the Citizens Participation Act (TCPA)[.]"

6

On February 7, 2018, the bankruptcy court entered an Order Modifying Automatic Stay "to allow the appeal of Cause No. 09-17-00333-CV . . . to proceed through the conclusion of all appeals." On February 8, 2018, Appellants filed with this Court a motion to reinstate, which we granted on February 23, 2018.

On February 22, 2018, the trial court entered an "Order on Plaintiffs' Opposed Motion to Continue Hearing Date and for Discovery on Defendants' Motion to Dismiss Under TCPA[.]" The order states that Appellants' motion to dismiss under the TCPA was denied by operation of law. The order denied "Plaintiffs' Opposed Motion to Continue Hearing Date and for Discovery on Defendants' Motion to Dismiss Under the TCPA[.]" On February 23, 2018, Appellants filed a "Notice of Accelerated Interlocutory Appeal of the Denial of Their TCPA Motion to Dismiss[.]"

### Default Judgment

Appellants' first four issues pertain to the default judgment rendered against them. In their first issue, Appellants argue that the trial court's default judgment was void because Appellee's defective service of process deprived the trial court of jurisdiction over Appellants. Appellants' second issue argues that the trial court erred in granting default judgment because Appellants' motion to transfer venue was pending. Appellants' third issue argues that the "single business enterprise" theory

7

upon which the trial court granted default judgment is not a valid theory of liability. And Appellants' fourth issue argues that the consequential damages awarded in the default judgment are not recoverable on a breach of contract claim.

When a defendant has not answered, a trial court acquires jurisdiction over that defendant solely on proof of proper service. *See* Tex. R. Civ. P. 107 (prohibiting rendition of default judgment unless proof of proper service or process and return, whether in compliance with governing rules or as ordered by court, have been on file for ten days); *In the Interest of E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (explaining that if service of process is invalid, it is of no effect and cannot establish the trial court's jurisdiction over a party); *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant.") (citing *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). A party obtaining a default judgment must demonstrate that it complied with the rules for service of citation to withstand a direct attack on the judgment. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). A default judgment cannot withstand a direct attack by a defendant who demonstrates that it was not served in

strict compliance with the Texas Rules of Civil Procedure. *See Livanos*, 333 S.W.3d at 874.

Under the Texas Rules of Civil Procedure, citation may be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c). "'If the return receipt is not signed by the addressee, the service of process is defective[.]'" *PPI Tech. Servs., LP v. Christian Operating Co.*, No. 09-09-00022-CV, 2009 Tex. App. LEXIS 5852, at *3 (Tex. App.—Beaumont July 30, 2009, no pet.) (mem. op.) (quoting *Bradley Wells Corp. v. Higginbotham*, No. 12-04-00114-CV, 2004 Tex. App. LEXIS 9667, at *6 (Tex. App.—Tyler Oct. 29, 2004, no pet.) (mem. op.)); *see also Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Whether service strictly complied with the rules is a question of law that we review de novo. *See Furst*, 176 S.W.3d at 869-70.

The Texas Supreme Court requires strict compliance with the rules for service of citation and proper service must affirmatively appear on the record for a default judgment to withstand direct attack. *See LeJeune*, 297 S.W.3d at 256 (citing *Primate*

9

*Constr., Inc.*, 884 S.W.2d at 152); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). If strict compliance is not shown, the service of process is invalid and of no effect. *Uvalde Country Club*, 690 S.W.2d at 885. We make no presumptions of valid issuance, service, or return of citation when examining a default judgment. *Id.* Strict compliance with the rules, however, does not require "'obeisance to the minutest detail.'" *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied) (quoting *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ)). If the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated. *Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ); *Ortiz*, 926 S.W.2d at 613; *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). "Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *See Wilson*, 800 S.W.2d at 836 (citing *Harrell v. Mexico Cattle Co.*, 11 S.W. 863, 865 (1889)); *see also Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007);

10

*Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004); *Wilson*, 800 S.W.2d at 837).[2]

Here, Appellee filed a Notice of Filing Return of Service in which the Appellee alleged that each defendant was "served via certified mail, return receipt requested on May 11, 2017[.]" In the Returns of service, completed by the process server and filed of record with the clerk of court on May 22, 2017, the process server states that the citation was served on each defendant "in person" on May 8, 2017. In the exhibit attached to the Notice of Filing Return of Service there is a document titled "USPS Tracking Results" and it is attached as an exhibit to the motion for default judgment. According to the USPS Tracking Results document, an item was "Delivered, Front Desk/Reception" and "Your item was delivered to the front desk or reception area at 10:38 am on May 11, 2017 in HOUSTON, TX 77040[,]" but the document does not include the delivery address or the name of any addressee. The record does not include copies of any "green cards" (USPS Form 3811) establishing the date of delivery of the certified mail and there is no name of the person(s) accepting the delivery. *See* Tex. R. Civ. P. 107(c). Therefore, the record does not

---

[2] We note that no further service is required on a defendant who has made an appearance. *See* Tex. R. Civ. P. 120. The Appellee does not contend that Appellants made an appearance prior to the entry of the default judgment.

11

show strict compliance with the Texas Rules of Civil Procedure for service of process and return of service. Based on the record before us, we conclude that the trial court erred in rendering a default judgment. *See In re E.R.*, 385 S.W.3d at 563; *Livanos*, 333 S.W.3d at 874.

Because we conclude that the default judgment was improper because the record fails to reflect strict compliance with the service of process rules, we need not address the *Craddock* factors. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam) (*Craddock* factors must be met only if the defendant against whom a default judgment was entered was properly served but did not appear). Additionally, because we conclude that the default judgment was improper, we need not address Appellants' remaining issues two, three, and four. *See* Tex. R. App. P. 47.1. We sustain Appellants' first issue on appeal, reverse the Severed Default Judgment, and remand to the trial court for proceedings consistent with this opinion.

## Motion to Dismiss Under the TCPA

Appellants' fifth and sixth issues address whether the trial court properly dismissed Appellants' motion to dismiss brought under the TCPA. Appellants' fifth issue argues that Appellants showed, by a preponderance of the evidence, that Appellee's motion for sanctions was based on Appellants' exercise of the right to

12

petition. Appellants' sixth issue argues that Appellee failed to marshal clear and specific evidence of a prima facie case for each essential element of its motion for sanctions.

Generally, we have appellate jurisdiction over an interlocutory appeal of a denial of a motion to dismiss filed under section 27.003 of the Texas Civil Practice and Remedies Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West Supp. 2018)[3] (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West 2015)). Even so, we must review sua sponte issues affecting the trial court's subject matter jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Subject-matter jurisdiction is fundamental, it may be raised for the first time on appeal without the usual requirements for preservation of error or assignment of error. *See Tex. Ass'n of Bus. v. Tex. Air Contr. Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (appellate court's subject matter jurisdiction may be raised by the court sua sponte).

---

[3] We cite the current version of the statute as subsequent amendments do not affect our disposition.

A trial court retains plenary power over its judgment until that judgment becomes final for appellate purposes. Tex. R. Civ. P. 329b; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam). A judgment is final for purposes of appeal if it disposes of all claims and parties then before the trial court. *Lehmann*, 39 S.W.3d at 195, 200, 205. In addition, a court of appeals acquires appellate jurisdiction over all parties to the judgment or order challenged once any party perfects an appeal by filing a notice of appeal. Tex. R. App. P. 25.1(b).

The trial court's order of July 11, 2017, granted the default judgment in trial cause number B-199,953-A. Therein the trial court stated, "This is a Severed Final Judgment that disposes of all issues and all parties that are subject to this Severed, Default Final Judgment. Any relief not granted herein is expressly denied." On August 9, 2017, Appellants filed a First Amended Motion for New Trial requesting that the default judgment be set aside, within the timeframe provided for by Rule 329b(a). *See* Tex. R. Civ. P. 329b(a) (a motion for new trial must be filed within thirty days of the complained-of judgment) On August 18, 2017, the trial court denied Appellants' motion for new trial. Defendants filed a notice of appeal the same day, and this Court acquired appellate jurisdiction over the parties at that time. *See*

Tex. R. App. P. 25.1(b). We abated the appeal solely for administrative purposes after Appellants filed a Suggestion of Bankruptcy.

On December 21, 2017, Appellee filed a Motion for Sanctions in trial cause number B-199,953-A, and Appellants then filed a Motion to Dismiss Plaintiff's Motion for Sanctions Under the Citizens Participation Act. On January 4, 2018, the trial court held a "Hearing on Plaintiff['s] Motion to Continue Hearing Date and for Discovery on Defendants' Motion to Dismiss Under the TCPA -and- Defendants' Motion to Dismiss Plaintiff's Motion for Sanctions Under the Citizens Participation Act (TCPA)." On February 22, 2018, the trial court entered an order in cause number B-199,953-A explaining that Appellants' motion to dismiss under the TCPA had been denied by operation of law. The next day, Appellants filed a notice of interlocutory appeal of the denial of their motion to dismiss under the TCPA. We reinstated the appeal on February 23, 2018, after we received a motion to reinstate.

The trial court's plenary power terminated before the Appellee filed its Motion for Sanctions and before the Appellants filed their motion to dismiss under the TCPA. The order granting the severed default judgment was a final, appealable judgment that disposed of all claims in the severed action. *See Lehmann*, 39 S.W.3d at 195, 200, 205. This Court acquired appellate jurisdiction on the appeal of the default judgment. *See* Tex. R. App. P. 25.1(b).

15

Any judicial action taken by the trial court after the trial court's plenary power expired is void. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void."); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one rendered when a court has no jurisdiction over parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court). An appellate court has no jurisdiction to consider the merits of an appeal from a void judgment. *Ins. Co. of Pa. v. Martinez*, 18 S.W.3d 844, 847 (Tex. App.—El Paso 2000, no pet.); *Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). When faced with a void judgment on appeal, the appellate court should declare the judgment void. *See State ex rel. Latty*, 907 S.W.2d at 486 (citing *Fulton v. Finch*, 346 S.W.2d 823, 827 (Tex. 1961)).

We conclude that the trial court lost plenary power over trial cause number B-199,953-A after Appellants appealed the default judgment, and the denial of the motion to dismiss under the TCPA from which Appellants' purport to bring an interlocutory appeal is void for lack of jurisdiction. *See id.* Because we lack

16

jurisdiction to consider the merits of an appeal from a void judgment, we dismiss the interlocutory appeal (Appellants' fifth and sixth issues) related to the motion to dismiss under the TCPA. *See Martinez*, 18 S.W.3d at 847.

REVERSED AND REMANDED IN PART; DISMISSED IN PART.

_____
LEANNE JOHNSON
Justice

Submitted on November 5, 2018
Opinion Delivered December 13, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

17