

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00067-CV

IN THE INTEREST OF H.L.M.S. AND E.G.S., CHILDREN

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. FM-23-04024

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The paternal grandparents (Grandparents) of H.L.M.S. and E.G.S.[1] filed a suit against Mother and Father and sought to be appointed sole managing conservators of the children. Mother did not appear or file an answer. As a result, the trial court found Mother in default, entered its Final Orders in Suit Affecting Parent-Child Relationship, and appointed Grandparents sole managing conservators and Mother and Father[2] possessory conservators of the children.

In this direct, pro se appeal, Mother asserts, among other things, that service was fatally defective because the person who attempted service on her was not authorized to serve process. Because we agree, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

## I. Direct Appeal of Default Judgment

It is well-established that Texas courts "require[] that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)). "Any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment." *In re T.J.T.*, 486 S.W.3d 675, 678 (Tex. App.—Texarkana 2016, no pet.) (quoting *Deutsche Bank Tr. Co., N.A. v. Hall*, 400 S.W.3d 668, 670 (Tex. App.—Texarkana 2013, pet. denied)). Further, in a direct attack on a default judgment, "[t]here are no

---

[1]To protect the children's identities, we refer to the children and their family members by aliases. *See* TEX. R. APP. P. 9.8.

[2]Father waived service and agreed to the final orders.

2

presumptions in favor of valid issuance, service, and return of citation." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam) (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). In addition, "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Id.* (citing *McKanna*, 388 S.W.2d at 929). Also, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Rogers v. Stover*, No. 06-05-00065-CV, 2006 WL 859305, at *1 (Tex. App.—Texarkana Apr. 5, 2006, no pet.) (mem. op.) (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) (per curiam)).

## II. Persons Authorized to Serve Process

Rule 103 of the Texas Rules of Civil Procedure provides:

> Process . . . may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court.

The rule further requires that the clerk of the court must make "[s]ervice by registered or certified mail and citation by publication . . . , if requested." TEX. R. CIV. P. 103. However, the rule specifically prohibits any "person who is a party to or interested in the outcome of a suit" from "serv[ing] *any* process in that suit." *Id.* (emphasis added).

In *Rogers*, the trial court entered a default judgment against Rogers, and Rogers appealed. *Rogers*, 2006 WL 859305, at *1. On appeal, the record showed that the attorneys for the plaintiffs attempted to serve the citation by mailing it to Rogers by certified mail, return receipt requested. *Id.* at *2. We agreed with a federal district court that, for the purposes of Rule 103,

3

"[a]n attorney for one party to the lawsuit is a person with an interest in the outcome of the case and is not authorized to serve process." *Id.* (citing *Jackson v. United States*, 138 F.R.D. 83, 88 (S.D. Tex. 1991)). As a result, we held that the "service was attempted by a procedure not authorized and is treated as no service." *Id.* (citing *Drewery Constr. Co.*, 186 S.W.3d at 574 n.1).[3] Since the record showed that "service of process was attempted by a method not authorized by law," we held that it "[did] not support a default judgment." *Id.* at *3.

## III.    Analysis

In this case, the trial court entered an order under Rule 106 that authorized substituted service on Mother by sending notice of the lawsuit to her "by mail to her know[n] email address" and by sending notice to her "through Facebook messenger at her know[n] Facebook profile."[4] *See* TEX. R. CIV. P. 106(b)(2). The return of service recites that Lori Chism sent the citation and original petition to Mother through email at the email address stated in the Rule 106 order and through Facebook messenger. However, Chism was Grandparents' trial counsel. Because she was the attorney of one of the parties, Chism, by law, was not authorized to serve and was prohibited from serving process in this suit.[5] As a result, the record "fail[s] to affirmatively show

---

[3]*See also Devault v. Giannakis*, No. 09-21-00040-CV, 2022 WL 17841310, at *5 (Tex. App.—Beaumont Dec. 22, 2022, no pet.) (mem. op) ("Devault's attorney could not serve the citations because he is interested in the outcome of the suit." (citing *Rogers*, 2006 WL 859305, at *2)); *Menon v. Water Splash, Inc.*, No. 14-14-00012-CV, 2018 WL 344040, at *4–5 (Tex. App.—Houston [14th Dist.] Jan. 9, 2018, no pet.) (mem. op.) (legal assistant to trial counsel was a person interested in the outcome of the suit and not authorized under Rule 103 to serve process).

[4]On appeal, Mother disputes that the email address and Facebook profile stated in the order were active, and she disputes that the motion for the order for substituted service was supported by a proper affidavit. We do not reach these issues, and we express no opinion regarding whether the order for substituted service was effective.

[5]Grandparents argue that the trial court was authorized to appoint Chism to serve Mother under subsection (2) of Rule 103 and that it did not err in doing so. However, the record shows that the order for substitute service did not appoint Chism, or anyone else who was eighteen years of age or older, to serve process. Further, under that

4

strict compliance with the Rules of Civil Procedure" and, thereby, "renders the attempted service of process invalid and of no effect." *Uvalde Country Club*, 690 S.W.2d at 885. Consequently, it will "not support the default judgment." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Nevertheless, Grandparents argue that the default judgment should be affirmed because the record shows that Mother received notice of the lawsuit and had notice of the hearings but failed to file any pleadings or to make an appearance. Grandparents cite no authority in support of this argument. To the contrary, it has long been the law in Texas that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against h[er]." *Id.* (citing *Harrell v. Mexico Cattle Co.*, 11 S.W. 863, 865 (Tex. 1889)). Further, "mere knowledge of a pending suit does not place any duty on a defendant to act." *Id.* at 837 (citing *Harrell*, 11 S.W. at 865). As a result, even if Mother had knowledge of the suit and received the suit papers, this was "not sufficient to invoke the district court's jurisdiction to render default judgment against h[er]." *Id.*

Because the attempted service on Mother was invalid and of no effect, we find that the trial court erred in rendering a default judgment against Mother.[6] We sustain this issue.

---

subsection, citation "can be served by anyone over eighteen whom the court has authorized to do so, as long as the person is not a party and has no interest in the suit's outcome." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 641 (Tex. 2001). Consequently, not only did the trial court not authorize Chism to serve process, it could not have done so.

[6]Because this issue is dispositive, we need not address Mother's other issues.

5

## IV.    Disposition

For the reasons stated, we reverse the trial court's default judgment against Mother and remand this cause to the trial court for further proceedings.

Charles van Cleef
Justice

Date Submitted:    February 16, 2024
Date Decided:      March 1, 2024