### G. P. HALLIBURTON v. J. D. MARTIN, DISTRICT JUDGE.

Decided February 3, 1902.

**1.—Mandamus by Appellate Court.**

The appellate court can by mandamus compel the district judge to act by proceeding to try a case pending before him agreeably to the principles and usages of law, but it has no power thus to control his discretion in matters relating to the trial of causes or to direct what judgment he shall render, and the writ will not be issued unless a right has been denied and complainant has no other legal remedy, and, in cases involving judicial discretion, a clear abuse of such discretion must be shown.

**2.—Same—Consolidation of Suits.**

Where the trial judge consolidated two cases, neither of them ready for trial, involving the title to the same original grant of land, the issue in each case turning upon the identity of the original grantee, there being numerous parties in both suits, though more in one than the other, and complainants having by pleas in reconvention become plaintiffs in both cases against all the other parties for the recovery of the undivided interests claimed by them in the entire grant, and it appearing that the title may be best adjusted as to all parties by one suit, a mandamus will not be issued to compel the judge to restore one of the cases and try it separately.

Original application for mandamus to the District Court of Jefferson County.

*Crawford & Lipscomb,* for applicant.

*Watts, Chester & Ellison* and *F. C. Proctor,* for respondent.

GARRETT, CHIEF JUSTICE.—S. P. Halliburton and others have applied to this court for a writ of mandamus to the Hon. J. D. Martin, judge of the District Court of Jefferson County for the Fifty-eighth Judicial District, showing that the complainants are the owners of an undivided interest of about 3000 acres in the Pelham Humphries league of land situated in Jefferson County, and that W. P. H. McFadden, V. Weiss, W. W. Kyle, Dan Lewis, and the J. M. Guffy Petroleum Company are in possession of the said league of land, enjoying the fruits and benefits thereof; that said land is oil bearing land, and that the said Mc-Fadden and others above named, denying the rights of the complainants and excluding them from said land, are drilling wells and extracting the oil therefrom. That heretofore, on June 14, 1901, the said McFadden, Weiss, Kyle, Lewis, and J. M. Guffy Company brought a suit in the

District Court of Jefferson County, No. 2906, against the complainants and others, to the number of about six, for said land; that on July 24, 1901, the complainants filed their answer in said suit and a plea in reconvention against the plaintiffs for the recovery of their interest therein; that the questions in said cause are simple and only relate to the family history of Pelham Humphries, the grantee of the league, the forgery of two deeds, and possession by McFadden as affecting limitation; and that preparation for a trial of said cause is so far advanced that it is reasonably probable that it will be ready for trial on March 1, 1902, at which time it will be subject to call as a nonjury case on the docket of said court. That the value of the land is more than one million dollars, and that complainants are ousted of their rightful possession thereof by the said McFadden, Weiss, Kyle, Lewis, and J. M. Guffy Company; and are poor and would not be able under any circumstances to give the bond necessary to obtain a sequestration thereof; and that the said parties in possession have not within the knowledge of complainants the means from which the complainants could be compensated for the probable waste and damage that will be done by them to said land.

That there is also pending in said court and in the District Court of Angelina County, and the United States Circuit Court for the Eastern District of Texas, other suits involving the same land to which the complainants and a great number of other persons are parties; that among said suits is the suit No. 2817, Thomas Anderson v. A. F. Lucas et al., in the District Court of Jefferson County, involving a claim of 1500 acres undivided interest therein; that there are about 200 defendants in said suit, only a small number of whom have been served with process; and of those served only a small number had answered; that a great variety of issues were involved in said suit; that probably not more than ten of the two hundred defendants were in possession of any portion of the Humphries league, and that the plaintiffs were out of possession; that the other defendants were asserting some claim constituting an equitable cloud upon the title; and that none of the parties except McFadden, Weiss, Kyle, Lewis, and J. M. Guffy Company, and probably four or five vendees of McFadden and others who purchased while cause No. 2906 was pending, are necessary parties to a suit for the possession of said land. That in said cause 2817 the plaintiff claims as one of the heirs of William Humphries and is seeking to set aside the deed of a guardian ad litem to said McFadden, and contending that William Humphries was identical with the original grantee of the league, claims an undivided 1500 acres thereof as his heir.

That the defendant McFadden urges as defenses in said cause that the deed was regular and has since been ratified. Since the institution of said cause 2817 T. E. Buford had intervened therein, setting up that he has bought the interest of the plaintiff. That Charles J. Chaison and the American Oil and Refining Company, also defendants in said suit, claim a specific parcel of 475 acres of the league under a deed from McFadden and assert title by limitations under a possession differing in character

from that asserted by McFadden to the entire league. That some of the defendants claim to derive their title through a Pelham Humphries of Georgia, others through a Pelham Humphries of Tennessee, and the claims of others of said defendants depend upon supposed irregularities in the chain of transfers from William Humphries down to W. P. H. McFadden, and that these contentions became innumerable, some of them probably depending on questions of the forgery of certain instruments in such chain of transfers; that some of the defendants claim title to parcels as small as one acre by purchase from McFadden and others of an undivided interest, and would have interminable equities to adjust with their vendors; that a great many of the defendants who know of no claim they have to the land and have none, on account of its great value will refuse to disclaim as long as there remains any uncertainty about their rights. That it is very nearly impracticable to try said cause No. 2817; that the enormous expense and trouble will render the taking of depositions impracticable; that on account of the great number of issues involved no trial judge can probably submit them correctly to a jury, and that complainants believe that said cause will not be finally disposed of during their lives.

That heretofore, to wit, on December 12, 1901, after having sought to dismiss the cause No. 2906, and having been refused permission to do so because of complainants' plea in reconvention and their objections to the dismissal, the said McFadden and the other plaintiffs in the said cause No. 2906 filed a motion in said District Court to consolidate said cause with the said cause No. 2817; that complainants resisted said motion before the court, but that on December 15, 1901, the court made an order consolidating said causes; that the complainants excepted to said order, and afterwards filed a motion to have the court reconsider its action setting out in said motion all the facts herein set out and having the same sworn to by the complainant Halliburton, and urged said motion before the court, but the court after having taken the motion under advisement until December 31, 1901, overruled the same, and refused to make an order that upon either of the said causes being ready for trial it should not be delayed by the other, to which action of the court the complainants excepted. Complainants say that the action of the court in consolidating said causes was beyond the discretionary power of the court; that the same was in effect a denial to complainants of a prompt trial of their cause, which was practically ready for trial, but is by said order obliterated from the docket, and complainants are denied the right to be heard upon their plea in reconvention. That there exists no reason why the said judge should not proceed with the trial of said cause No. 2906; and that the effect of delay is to work an inexcusable hardship upon complainants, to the advantage of said McFadden and others.

The district judge has filed an answer to the complaint, in which he shows that the docket of the court is crowded with cases and that there are more than 300 cases on the nonjury docket; that in the disposition of

the docket made in accordance with the rules of the court the nonjury cases can not be reached until the first Monday in March next, the first day of the next term.   He shows that the cause No. 2817, Thomas Anderson et al. v. A. F. Lucas et al., was filed May 14, 1901, and is an action of trespass to try title for an undivided one-third interest in said Pelham Humphries league against numerous defendants, among whom were the said complainants, S. P. Halliburton and others, and the said W. P. H. McFadden and others, who are the plaintiffs in the cause No. 2906; that a part of the defendants in No. 2817 claim the entire league, and a part of them, to wit, the defendants in cause No. 2906, S. P. Halliburton and others, claim only an undivided part thereof.   That on August 27, 1901, the complainants filed their answer and cross-bill in No. 2817 against the plaintiffs and their codefendants, pleading specially their title to an undivided interest in said league of land through Pelham Humphries, the original grantee, and prayed for partition and the appointment of a receiver.   The defendants McFadden, Weiss, Kyle, and the J. M. Guffy Company also answered in said cause No. 2817, and pleaded in reconvention against the complainants and the other parties to the suit a claim to the entire league except a small portion thereof conveyed by them to other defendants.   That on June 14, 1901, the said W. P. H. McFadden and others filed in said court the said suit No. 2906 against the said complainants and others as an action of trespass to try title for the recovery of said league; and that on July 24, 1901, the complainants filed their answer and cross-bill in said cause No. 2906 and pleaded their title specifically, and raised substantially as between them and the plaintiffs all the issues that were made in suit No. 2817.   That there are numerous defendants in both of said suits, but that it is now impossible for respondent to determine who are necessary parties.   It is shown that neither of said causes have ever been reached or called for trial, nor has any objection been made to the disposition in passing them as nonjury cases to the first Monday in March; and the respondent avers that he has been guilty of no delay in the disposition of said causes nor manifested any refusal to try either of them.

The respondent then sets out the matter of the filing of the motion for the consolidation of the causes, and says that "after hearing fully the argument of counsel upon the motion and after considering the issues involved in the two suits, your respondent, in the exercise of what he deemed sound judicial discretion, concluded that it was to the interest of all parties, and that it would sooner settle the litigation with reference to this league of land to consolidate, and the order consolidating the two suits was accordingly made."   That a motion for reconsideration was made which after mature reflection the respondent overruled.   Respondent took into consideration the fact that the issues between the complainants and the plaintiffs in cause No. 2906 are precisely the same in both suits, and that so far as a trial is concerned very little preparation had as yet been made by either party to the suit; and that in order to settle the title to the land in controversy it is necessary to try and settle the

issues involved in cause No. 2817. Respondent has no reason to believe that any obstruction will be thrown in the way of a speedy trial of the consolidated cause.

It is further shown that on December 31, 1901, the complainants filed in said cause No. 2906 a motion to modify the order of consolidation among other things so that said causes may be tried together as one cause, provided that all could be ready for trial at the same time, and providing that a continuance of one of said causes shall not operate as a continuance of the other, and also that the depositions taken in one cause may be used in the other; and that said motion has not been disposed of and is still pending. Respondent denies that he has at any time refused to proceed to a trial of said cause No. 2906 agreeably to the principles and usages of law, and says that he does not intend in the future to refuse to proceed to a trial and judgment of said cause when it is reached upon the docket. Respondent does not know of any reason why the parties can not make their preparation for trial long before either of said causes can be reached for trial; and says that if it should be made to appear to his satisfaction in the future preparation and conduct of said case that the parties are being unduly delayed or put to unnecessary trouble and expense by reason of the consolidation, he would promptly make such other and further orders in the matter as would in the exercise of his best discretion subserve the ends of justice. And having fully answered, the respondent prays that the alternative writ of mandamus against him be vacated and that the application be denied and that the respondent be discharged with his costs.

The complainants have replied to the answer of the respondent and reiterate their complaint that they have been denied the right to proceed with the trial of said cause No. 2906, and show that while said cause No. 2817 may have originally been only a suit of trespass to try title, yet by the amendments filed therein its character has been changed. They deny that the answer shows any reason why the judge should not proceed with the trial of said cause. Other matters are set out in the supplemental complaint, but they are not deemed material.

The power of this court to issue the mandamus sought by the complainants depends upon the question of whether or not the judge of the District Court has refused to proceed to the trial of cause No. 2906 agreeably to the principles and usages of law. Rev. Stats., art. 1000. It has no power to control by the writ of mandamus the discretion of the judge in matters relating to the trial of causes or to direct what judgment he shall render. Ewing v. Cohn, 62 Texas, 482. It can compel him to act by proceeding to try the case agreeably to the principles and usages of law, but can not control his discretion. This principle is well settled and has been frequently announced by our Supreme Court, and it is unnecessary to cite authorities in support thereof. An analysis of the cases would only serve to emphasize the strictness of the rule. Nor will the writ of mandamus issue unless the right has been denied and the complainant has no other legal remedy. Neither of the causes the con-

solidation of which is complained of has ever been called for trial, nor in fact are ready for trial, but it is contended that by the order of consoli-dation the cause No. 2906 is stricken from the docket and merged into cause No. 2817, and it may be said that the application is to have the cause restored to the docket so that the parties may proceed with their preparation for trial. This involves a review of the order of the court consolidating cause No. 2906 with cause No. 2817.

The respondent answers that these causes involve the same issues and that he ordered their consolidation in the exercise of a sound discretion vested in him by law; that he does not propose to delay the trial of either cause for the other, but will proceed with the trial of No. 2906 when it is ready; and that there is now pending on the docket of the court undis-posed of a motion made by the complainants to so modify the order of consolidation. In view of the pendency of such motion and the answer of the judge it may be doubted on that account alone whether the writ should issue, because there has been no final disposition of the motion to modify, although, as counsel states, the judge had already repeatedly denied the right to proceed without consolidation. If, however, the ac-tion of the judge should be regarded as final, the writ should not issue unless this court can say that there has been a clear abuse of the discre-tion confided to him by the law. If he has plainly erred on a point of practice by disregarding a plain rule of law, mandamus will lie to correct and remedy such erroneous exercise of discretion. 19 Am. and Eng. Enc. of Law, 835. The consolidation of cases is a rule of practice which a trial court frequently is called upon to exercise. Provision is made for it by the Revised Statutes as follows: Art. 1454. "Whenever several suits may be pending in the same court, by the same plaintiff, against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court, by the same plaintiff, against several defendants, which may be joined, the court in which the same are pend-ing may, in its discretion, order such suits to be consolidated." It is also within the equitable discretion of the court and may be exercised as one of its inherent powers independently of the statute, the identity of the parties not being essential, and in such case is said to rest entirely within the discretion of the court. 4 Enc. of Pl. and Prac., 676-692.

There is much reason for the contention, since the complainants by their pleas in reconvention became plaintiffs in both cases against all the other parties for the recovery of the undivided interests claimed by them in the entire league, that the cases furnish cause for the exercise of the discretion of the judge within the statutory rule for their consolidation; but when the causes of action are both analyzed and considered as pre-sented by the pleadings of the parties, the essential controversy is over the ownership of the league and springs out of the disputed identity of the original grantee with the ancestor of each set of claimants. Such being the issue, although the parties are much more numerous in the cause with which the other is consolidated, they being proper parties, and so far as they are not proper parties they can be dismissed from the

cause, it does not appear that there was any abuse of the discretion of the judge in consolidating the causes. There have been frequent instances of the exercise of such power by the courts of this State and it has in almost every instance been upheld. Harle v. Langdon's Heirs, 60 Texas, 560; Harring v. Herring, 51 S. W. Rep., 865; Spencer v. James, 31 S. W. Rep., 540; Mills v. Paine, 30 S. W. Rep., 244, and cases cited.

In the case first cited the court said the consolidation was only technically irregular, and no prejudice having been shown was not ground for reversal. Judicial discretion is to be guided by the spirit and principles and analogies of the law. It is not an arbitrary discretion. Applying this definition of judicial discretion to the action of the respondent, it appears in support thereof that there are two causes upon the docket of his court which affect the title to the same league of land; that the main controversy over the title grows out of a single issue, the disputed identity of the original grantee of the league; that there are numerous parties to each of the suits, although in the one first in order in the docket the parties are much more numerous than in the other; that the complainants in both suits, though originally defendants, have become plaintiffs therein, pleading in reconvention specially in both cases the same title by inheritance from one whom they claim is the original grantee; that these conflicting titles may be adjusted in one suit; that the interests sued for are undivided, for which partition is sought; that neither of said causes are ready for trial. His docket is crowded, and as both of the causes involve the same issues the trial of one may dispose of both, and all of the parties to each of the suits being proper parties to both of them, business will be not only expedited but a multiplicity of suits will be avoided. It does not appear that in the consolidation of said causes the district judge abused the sound judicial discretion with which he was vested; or that he plainly erred in a matter of practice, nor can it be assumed in advance that the trial court will not be able to try the cause without errors. It is therefore ordered that the alternative writ of mandamus heretofore granted be vacated, and that the application of complainants be denied and the respondent discharged with his costs.

*Application denied.*