## C. B. Cox et al. v. N. A. Steed et al.

Decided June 18, 1910.

**1.—Evidence—Shrinkage of Cattle.**

The issue being whether or not cattle had shrunk in weight and, if so, how much, it was not error to admit testimony to the effect that the owners of the cattle had full fed them for some time before starting with them to the place of delivery, and as to how much feed and water had been consumed by them during that time. Said testimony tended to show the condition the cattle were in and the probability of their losing flesh upon being held in a poor pasture at the place of delivery; and the answers of the witnesses to questions on that issue did not involve a mixed question of law and fact.

**2.—Contract—Breach—Damages—Parties to Action.**

When a suit by two plaintiffs is based upon a contract by defendants to pay to plaintiffs jointly whatever damages a lot of cattle might suffer by being held in a certain pasture a certain length of time, it is immaterial that it develops on the trial that a part of the cattle belonged to the two plaintiffs as partners, and a part to one of the plaintiffs individually. There was no misjoinder of parties or causes of action.

**3.—Evidence—Damages—Estimation by Comparison.**

The question being how much a certain lot of cattle had shrunk in weight by being held a certain length of time on insufficient feed, and the plaintiffs having testified as to the average weight of their cattle when delivered and that they were from five to seven years old and very large in size, it was error to permit them to introduce the testimony of another cattle owner that he had delivered to defendants a certain number of four-year-old steers which averaged much more in weight, there being nothing in the evidence to indicate that the size, age and weight of the witness's cattle would have any bearing upon the shrinkage of plaintiffs' cattle. Evidence of experiments or by comparison should not be admitted unless it is first shown that the conditions are similar.

Vol. LXII Civil—13.

Appeal from the District Court of Carson County. Tried below before Hon. F. P. Greever.

*Hoover & Taylor,* for appellants.—The question at issue of whether or not the cattle actually lost flesh while in the Combination pasture, being a sharply contested issue in the case, both by the pleadings and by the evidence, it was irrelevant, immaterial and prejudicial to permit the plaintiffs and their witnesses to testify to the amount of feed the cattle ate prior to the arrival at the Combination pasture, and that the feed was sufficient to cause them to gain in flesh.

The question at issue being as to whether or not the plaintiffs' cattle lost flesh while they were held in the Combination pasture and weighed less than they would have weighed had they been weighed under the contract of the 20th, it was error to permit the plaintiffs to prove by the witness, J. L. Lippold, on cross examination, that he weighed out on that day four-year-old steers, which weighed 986 pounds each, and it was also error to permit the plaintiffs' counsel in his closing argument to the jury, to compare the weight of these cattle with the plaintiffs' five, six and seven-year-old steers to show that the plaintiffs' cattle actually lost in weight. Gulf, C. & S. F. R. R. Co. v. Nicholson, 25 S. W., 55; Gulf, C. & S. F. R. R. Co. v. Locker, 14 S. W., 612; Gulf, C. & S. F. R. R. Co. v. Caldwell, 102 S. W., 462; Haynie v. Plano Mfg. Co., 82 S. W., 533; 2 Elliot on Evidence, par. 1252.

The question at issue being whether or not the cattle weighed less at Pampa on the 22nd, at the time and in the condition they were weighed, than they would have weighed at Pampa on the 20th if weighed under the original written contract, it was error to permit the plaintiff, Harris, to testify over the objections of defendants that the cattle, at the time they were weighed on the 22nd at Pampa, were in a worse condition and weighed less than they would have weighed in the Combination pasture on the 20th of April, and that their appearance was worse at said time than it was in the Combination pasture on the 20th. Galveston, H. & S. A. Ry. Co. v. Sweeney, 24 S. W., 947; Clardy v. Callicoate, 24 Texas, 172; Half v. Curtis, 68 Texas, 642; Schmick v. Noel, 72 Texas, 4; Houston & T. C. Ry. Co. v. Roberts, 108 S. W., 808.

*Madden, Trulove & Kimbrough* and *R. E. Underwood,* for appellees.

SPEER, ASSOCIATE JUSTICE.—N. A. Steed and C. H. Harris sued C. B. Cox and M. L. Steele to recover the sum of five thousand seven hundred and sixty-nine dollars, alleged to be due them under an agreement whereby the defendants were to pay the plaintiffs for the shrinkage in a certain lot of steers held in pens near Pampa, Texas. A very clear idea of the nature of the case may be had from the court's charge submitting the case, as follows:

"Now if you find and believe from the evidence, by a preponderance thereof, that plaintiffs had a contract with defendants for the delivery

of the cattle described in plaintiffs' petition at Pampa, Texas, on April 20, 1908, to be received and paid for by defendants at $4.00 to $4.25 per hundredweight; and that by agreement with defendants plaintiffs drove said cattle to the Combination pasture near Pampa, Texas, on April 19, 1908, and were ready to deliver and weigh said cattle on April 20, 1908; and you further find that defendants refused to receive said cattle and notified plaintiffs that they would not receive and weigh said cattle until April 22, 1908; and you further find that plaintiffs declined and refused to deliver said cattle under the terms of the original contract, and ·hold the cattle until the said 22nd of April to be weighed, unless defendants would pay plaintiffs for such shrinkage or loss in weight as the cattle might sustain during the two additional days they would have to hold said cattle in said pasture, and that defendants agreed and contracted to pay plaintiffs for such loss in weight at the rates specified in the original contracts respectively, and to submit the question of the amount of such weight to arbitration within 30 days; and you further find that plaintiffs relying on such agreement delivered and weighed said cattle to defendants on April 22, 1908, and that defendants then refused to pay plaintiffs for such loss, if any, or to submit the matter to arbitration.; and you further find that the cattle did lose in weight during the time they were held in the pasture after defendant should have received same, then you will find for the plaintiffs and assess their damages as hereinafter charged you."

From a judgment in favor of the plaintiffs, defendants have appealed.

There was no error in permitting the appellees to testify that the cattle in controversy were fed by them during the winter of 1907-1908; that they full fed them until they started with them to Pampa; and further to state how much feed and water was consumed during that time. This testimony tended to show the condition the cattle were in and the probability of their losing flesh by shrinkage upon being placed in what is designated the Combination pasture. The ruling is in no just sense in violation of the holding in Houston & T. C. R. R. Co. v. Roberts, 101 Texas, 418. The answers of the witnesses in no way involved the consideration of a mixed question of law and fact, as in the Roberts case, but purely one of fact. Our conclusion in this respect also answers appellants' third assignment of error. complaining that the court erred in permitting appellees to testify that they only brought one dry feed with them for the cattle and that the grass and peas in the Combination pasture scoured the cattle and made them lose flesh.

The contention is made in the fifth and sixth assignments that since only seven hundred head of the cattle belonged jointly to the appellees, and two hundred and forty-eight head of them belonged individually to appellee C. H. Harris, the court should have withdrawn from the consideration of the jury all testimony as to the damages to the two hundred and forty-eight head of cattle, since the action was by both appellees as a partnership; but, as will be seen from the manner in which the court submitted the case, the action was by both appellees against

both the appellants for breach of appellants' agreement to pay to appellees jointly (irrespective of the extent of their individual interests in the cattle) for the loss on all the cattle incident to shrinkage while held in the pasture awaiting their reception by appellants.

There was error, however, in permitting appellees to prove by the witness, Lippold, that he delivered to appellants nineteen head of four-year-old steers, and that these cattle weighed an average of nine hundred and eighty-six pounds. The appellees had testified that their cattle weighed when delivered only eight hundred and sixty-eight pounds and some of them were five, six and seven-year-old steers and very large in size. It is plain to be seen that the tendency of this testimony was to show that appellees' cattle were for some reason not as heavy as they should have been, and was well calculated to induce the jury to believe that the loss was due in part, at least, to shrinkage while in the pasture. This comparison was not permissible. There is nothing in the evidence to indicate that the size, age and weight of Lippold's cattle would justly have any bearing upon the issues in this case. See Haynie v. Plano Mfg. Co., 36 Texas Civ. App., 567 (82 S. W., 532); Hill v. Hanan & Son, No. 6568, this day decided. For similar reasons the court erred in permitting appellee Harris and the witness Waggoner to testify that the two hundred and forty-eight head of Harris' cattle were sold by Harris to Waggoner and resold by Waggoner to Harris at four and one-fourth cents per pound, the cattle to be weighed at Pampa on April 20th, Waggoner guaranteeing that they would weigh twelve hundred pounds, and that at the time appellant Steele was present and stated that he thought the cattle ought to weigh twelve hundred pounds if properly fed. And also in permitting the witness Wynne to testify that he had a pasture adjoining the Combination pasture, and that the conditions in his pasture on April 20th as to grass were very poor, and that he did not know of any reason why the conditions would be better in the Combination pasture, unless they had had a fire. This witness stated that he had not been in the Combination pasture during the spring of 1908 and did not know the conditions existing therein with reference to grass.

There was no error in refusing the requested charge on contributory negligence, for such issue was not pleaded by appellants. All of appellants' assignments, though not disposed of *seriatim,* are nevertheless covered by the conclusions announced.

For the errors discussed the judgment is reversed and the cause remanded.

                                      *Reversed and remanded.*