HULL et al. v. EIDT–SUMMERFIELD CO. (No. 7906.)

(Court of Civil Appeals of Texas. Dallas. March 16, 1918. Rehearing Denied June 23, 1918.)

1. PARTIES ⬅26 — MISJOINDER OF PARTIES DEFENDANT—PETITION.

In a suit upon an oral contract for commissions brought against a father and son, acting jointly in combining their lands and entering into a written contract of exchange for an entire consideration, and who were to receive a joint deed to the other party's entire tract of land, and who both agreed to make a warranty deed to a certain tract if the title could be obtained, there was no misjoinder of parties defendant.

2. ACTION ⬅50(5)—MISJOINDER.

In such case there was no misjoinder of causes of action.

3. BROKERS ⬅82(1) — ACTION FOR COMMISSIONS—PETITION—VALUE OF LANDS.

In such action an exception to the petition because not alleging the value of the lands to be exchanged was not well taken.

4. EXCHANGE OF PROPERTY ⬅5 — TITLE TO LAND—REPUDIATION OF CONTRACT.

Where the title to a tract was secured by parties to a contract for an exchange of properties within the time limited in the contract of trade, and the other party was willing to accept it, there was no ground for the first parties to repudiate the contract.

5. BROKERS ⬅63(1)—EXCHANGE OF PROPERTIES—LIABILITY FOR COMMISSIONS.

Where defendants listed their land with a real estate broker for sale or exchange, and it procured a party ready and able to make an exchange and with whom defendants did contract to exchange lands, which contract was breached by defendants without sufficient cause, they became liable for the customary commissions.

6. BROKERS ⬅71—ACTION FOR COMMISSION—AMOUNT OF JUDGMENT.

Where it appeared that after the signing of the contract of exchange it was understood between the brokers and the defendants that the customary commission of 2½ per cent. on the valuation of the lands traded by the respective parties was to be the basis of the commission, a judgment against defendants on such basis was proper.

7. BROKERS ⬅65(4) — REPRESENTING BOTH PARTIES.

There was no error in the real estate broker's representation of both parties where defendants knew of his acting for both parties in making an exchange, and where no act of the broker was charged to have been wrongful or dishonest, and where nothing was done by it except to bring the parties together.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Suit by the Eidt-Summerfield Company against R. P. Hull and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Muse & Muse and W. D. Cardwell, all of Dallas, for appellants. Spence, Haven & Smithdeal, of Dallas, for appellee.

RAINEY, C. J. Appellees brought this suit against appellants to recover commissions, alleging that they were real estate brokers, for the sum of $775, on account of having effected a contract of exchange of the lands with one Harry Sigel; the lands of both parties being situated in Dallas county and duly described in the petition.

Appellants plead a misjoinder of parties defendant, general and special exceptions, general denial, and fraudulent representations as to the amount and character of the land owned by Sigel. Supplemental pleadings were subsequently filed by both parties. A jury being waived, the cause went to trial before the court, judgment being rendered in favor of appellees for $775, from which judgment this appeal is prosecuted.

Conclusions of Facts.

Appellants listed their land with appellees for sale or exchange. Appellees found one Harry Sigel, who proposed to exchange his ranch of 919 acres with appellants. Appellees brought Sigel and appellants together, and a contract of exchange was agreed upon, which contract was in writing and signed by R. P. Hull, Will Hull, H. Sigel, and Mrs. S. B. Hull. When the contract was made Will Hull asked, "What commission will we owe you boys?" Appellees replied, "The customary commission on your part of the valuation of the land." Mr. Sigel spoke up and said, "Will you pay your part and I will pay mine; the boys have worked hard on this deal, and we will pay them whatever is right; you pay your part, and I will pay my part on my land, and you pay yours." Nothing further was said by Will Hull. The customary fee in such cases is for each man to pay 2½ per cent. on his valuation at which he bought it in.

The original and supplemental contracts contained the following clauses:

"Witnesseth: That for and in consideration of the mutual agreements, obligations, and covenants by each made to and with the other said parties, have bound themselves as follows:

"Said R. P. Hull and Will Hull agree and obligate themselves to convey by general warranty deed to Harry Sigel the following described real estate clear of incumbrance: Being 310 acres or more as follows: 87½ acres known as the Wunderlich tract, 122½ acres known as the Woods tract, and 108 acres out of the Sol Dixon survey, known as R. P. Hull's homestead of 104 acres and 4 acres of Will Hull's homestead, and all improvements thereon—and the execution by the said R. P. Hull and Will Hull of one note in the sum of $5,000.00, which is se-

cured by the land conveyed to them by the said Harry Sigel hereinafter described and due and payable May 1, 1919, and bearing 7 per cent. interest per annum payable annually.

"In consideration of the above and foregoing agreements and obligations on the part of the said R. P. Hull and Will Hull, the said Harry Sigel agrees to convey the following described property free of incumbrance except the aforementioned $5,000.00 note; being 919 and $42/100$ acres, or more known as the T. Jones survey, about 3½ miles southwest of Cedar Hill, known as the Harry Sigel tract, and all improvements thereon.

"Said deferred payment is to be evidenced by a vendor's lien note executed by R. P. Hull and Will Hull and secured by a vendor's lien expressly retained in said deed and by a deed of trust containing power of sale together with the usual covenants as to default, taxes, insurance, etc., upon said property.

"Said Sigel and said R. P. Hull and Will Hull are to furnish authentic abstract each to the above-described property which they each agree to convey. Should said abstracts not show good title in the respective parties, either party shall have a reasonable time, not to exceed 30 days, in which to make said title good. Should either party not be able to make said title good within said time, then this contract to be void.

"Said parties agree that should abstracts show good title in the respective parties, they shall within 30 days of delivery of said abstracts close the deal as above described, at which time they shall each deliver a general warranty deed conveying the said property in fee simple.

"All taxes are to be paid up to and including the year 1913 by each party on the land which he agrees to convey.

"Taxes for the year 1914 are to be prorated up to and including date or delivery of deed.

"It is hereby agreed between R. P. Hull, Will Hull, and Harry Sigel that, if the said R. P. Hull and Will Hull shall not be able to obtain general warranty deed evidencing title in them to the 122½ acres known as the Woods tract within 30 days from date from Scott Bros., then they shall have a reasonable length of time in which to furnish same, not to exceed 90 days."

The valuation put on the Sigel tract was $36,000 and for the Hulls' land $31,000.

### Conclusions of Law.

[1-3] (1) The first, second, third, and fourth assignments of error complain of the overruling of special exceptions to appellees' petition, all of which, in effect, urge that there is a misjoinder of parties defendants and causes of action, and that the petition does not allege the value of the lands to be exchanged. We are of the opinion that none of the exceptions are well taken. The contract for commissions was an oral one between the parties. It was made between appellees and R. P. Hull and Will Hull, father and son, who acted jointly in combining their different tracts of land, and who entered into a written contract of exchange with Sigel for an entire consideration and was to receive from Sigel a joint deed to his entire tract of land; nothing being said by either of the Hulls as to the value of their separate interests. Besides, both agreed to make a warranty deed to the Woods tract of 122½ acres, if a title could be obtained.

6 Ruling Case Law, § 246; 9 Cyc. 653, 663-667.

[4] (2) The evidence showing that the title to the Woods tract had been secured by the Hulls within the time limited in the contract of trade, and that Sigel was willing to accept it, there was no ground for the Hulls to repudiate it.

[5] (3) The appellants having listed their land with appellees for sale or exchange, and appellees having procured a party who was willing, ready, and able to make an exchange of lands, and with whom the appellants did contract to exchange lands, which contract was breached by appellants without sufficient cause, they became liable to appellees for the customary commissions, which was 2½ per cent. of the valuation of the land.

[6] (4) There was no error in the amount of the judgment, $775, that being 2½ per cent. of the valuation placed on the Hull land by them." After signing the contract of exchange it was the understanding between appellants and appellees that the customary commission was to be the basis, that is, 2½ per cent. on the valuation placed on the lands traded by the respective parties.

[7] (5) There was no error in the appellees representing both parties, as appellants knew of appellees' acting for both parties in making the exchange. There is no act of appellees that is charged as being wrongful or unfair or dishonest. The contract of exchange was made between appellants and appellees. Nothing was done by appellees, except to bring the parties together.

The judgment is affirmed.