MARSHALL et al. v. MAGNESS. (No. 1530.)

(Court of Civil Appeals of Texas. Amarillo. April 16, 1919.)

1. LANDLORD AND TENANT ⬤228—PARTIES—MISJOINDER.

Where plaintiffs who had each purchased a half section of land from the lessor agreed jointly with the lessee, holding subject to sale, that lessee should have grass on the section for grazing purposes, the relation of landlord and tenant was established, and plaintiffs were properly joined as parties plaintiff in action for rent.

2. ACTION ⬤48(3)—JOINDER—TORT AND CONTRACT—CLAIMS ARISING OUT OF SAME TRANSACTION.

A landlord's causes of action against the tenant for rent and for damages for wrongful removal of a fence are properly joined as matters growing out of the same transaction and subject-matter.

3. ACTION ⬤47—JOINDER — TORT AND CONTRACT.

The general rule is that two causes of action, one based on contract and the other on tort, cannot be joined.

4. LANDLORD AND TENANT ⬤230(9)—RENTAL VALUE OF GRAZING LAND—EVIDENCE ADMISSIBLE.

Where case alleged was that the defendant, owner of cattle, was to pay for value of grass leased in his possession, evidence that cattle taken by owner or possessor of land to pasture was so much per head was properly excluded.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by Frank Marshall and another against T. F. Magness. From a judgment in their favor for less relief than demanded, plaintiffs appeal. Reversed and remanded. .

Y. W. Holmes, of Comanche, and M. J. Baird, of Plainview, for appellants.

Kinder & Russel and A. B. Martin, all of Plainview, for appellee.

HUFF, C. J. The appellants, Marshall and Smelzer, brought this action against appellee Magnes, and in their petition allege: That prior to June 1, 1917, they were the owners and had contracted to purchase, and were entitled to the possession of, a section of land, designating it, from June 1, 1917, up to and since November 1, 1917, except in so far as defendant was entitled to use the same as thereinafter set out. That Marshall had purchased the west half, and Smelzer the east half, of the section. That a long time prior to June 1, 1917, defendant had the section leased from a prior owner, subject to sale, and when plaintiffs contracted for the land and were delivering possession thereof the former owner refunded to defendant the unearned lease money, which he accepted. "That on said June 1, 1917, defendant still having his cattle on said land desired to lease said section of land from these plaintiffs, and it was then and there agreed by plaintiffs jointly and the defendant that he should have the reusal of said grass for grazing purposes, without agreeing to any particular time, and the defendant then and there agreed to come up to see plaintiffs the next week for a final agreement as to the price, but he did not come then, nor at any other time, and continued to pasture the land with plaintiffs' knowledge and consent until November 1, 1917." They allege the number of cattle and horses pastured on the land, and that when he began using the land there was a good coat of grass, and that it was closely eaten off when he vacated. It is also alleged that the fair market value for pasturing was $1 per head for cattle and $1.50 for mules and horses per head per month, a total of $185 per month. By the fourth paragraph it is alleged: That when they purchased the land, June 1st, there was on the land "located around part of the borders of same along the west north and south half of the east boundaries of said section, and which was necessary to an inclosure of said section of land, a fence." That appellants paid for the fence with the land and had no sort of notice of

any claim thereto by appellee. That there were 2½ miles of fence and of the real value of $238, there being no market value. "They show that just before the termination of said term, November 1st, defendant unlawfully, and without plaintiffs' consent, removed said fence from said land, claiming same as his own because he placed it there," to appellants' damage, etc.

The defendant answered by general exceptions and special exception: (1) That there was a misjoinder of causes of action as shown by the petition. That the damages for removal of fence and for use of grass and pasturage show to be unrelated transactions accruing at different times and of a different character. (2) That it appears from the petition there was a misjoinder of parties plaintiff, in that no community interest or joint liability was alleged and no facts which would justify the joinder of the plaintiffs. (3) That there was no proper measure of damages alleged. They also answered, by general denial, and specially defendant admitted he used the grass under his former lease with the former owner and admitted a liability of $75 which he tendered into court; that the fence was placed on the land by himself with the consent of the owner and at his request and was paid for by defendant and was his personal property, of which plaintiffs had due and full notice before their purchase. The defendant also pleaded in abatement, setting up: That Marshall purchased the west half and Smelzer the east half, of the section, and about 1½ miles of the fence stood on Marshall's and the balance on Smelzer's land. That there was no joint ownership of the section or in either half. That separate deeds were made to each party to his respective tract of land. That neither party was interested in the removal of the fence from the land of the other and suffered no damages thereby. That neither party had any community of interest in the grass, but was only interested in the grass on his particular half section and no other. That the liability of defendant is several and not joint, and the remedy in favor of either plaintiff is several and not joint. There was a prayer for abatement, etc.

The order entered upon the exceptions and plea in abatement is to the effect that the law is for the defendant as to joinder of causes of action, but against him as to misjoinder of parties plaintiff. Both parties excepted to this ruling. The cause, however, does not appear to have been in fact dismissed or abated, but proceeded to judgment in which it is recited that exceptions 1 and 2 ought to be sustained in so far as they relate to the fence as set out in paragraph 4, which was ordered to be stricken from the answer, but, in so far as they relate to the remainder of the cause of action for grass,

the special exceptions were overruled, as was also exception No. 3. The trial court instructed a verdict for plaintiff for $75, and a verdict and judgment were returned and rendered in accordance therewith.

The trial court evidently did not intend by his ruling to sustain the plea of abatement, but only intended to sustain the exception in so far as it related to paragraph 4, setting up damages occasioned by removal of the fence and by his order eliminating that issue from the case.

[1] Before discussing the assignments of the appellant, it will be proper to notice at this time, though no cross-assignment is presented, appellee's contention that there was a misjoinder of parties plaintiff. The contract or facts alleged establish the relation of landlord and tenant between plaintiffs and defendant for the lease or use of the entire section of land. Towery v. Henderson, 60 Tex. 291. The appellants, as plaintiffs, had a joint interest in the contract establishing that relation and for the use or rental of the land. Their right was secured by the same agreement of facts in which their cause of action is founded. We do not think one of the plaintiffs in this case could have sued alone for the recovery of the rent, as the contract is joint and the rent was to be paid to them jointly. Weinsteine v. Harrison, 66 Tex. 546, 1 S. W. 626; May v. Slade, 24 Tex. 205; Dunn v. Smith, 74 S. W. 576; Moore v. Minerva, 17 Tex. 20; Jones v. Ford, 60 Tex. 127; Telegraph Co. v. Morrow, 208 S. W. 689; Cox v. Steed, 62 Tex. Civ. App. 193, 131 S. W. 246; Hull v. Eidt-Summerfield Co., 204 S. W. 480.

[2, 3] The first and second assignments assert error on the part of the trial court in sustaining special exceptions to paragraph 4, and in striking same from the petition. The court held that there was a misjoinder of causes of action, that in the first count recovery was sought for rents due under a contract or damages for a breach of the contract, and that damages for wrongfully removing the fence were sought in the second and were ex delicto. The general rule is that two causes of action, one based on a contract and the other on a tort, cannot be joint. Stewart v. Gordon, 65 Tex. 344. There are exceptions, however, to the rule, one of which is where the matters relied on "are connected with or grow out of the same cause of action or transaction and subject-matter in dispute." In Ry. Co. v. Graves, 50 Tex. 181, Graves sued the railroad upon a contract for the reservation of a certain per cent. of the contract price for cross-ties furnished after inspection, and also in a separate count sued for the conversion of certain rejected ties. One cause therein set up was upon the contract, and the other upon a tort; but the court held the two causes could be joined as the tort grew out

of or was connected with the same cause of action or transaction, the subject-matter in dispute. Bond v. Dillard, 50 Tex. 302; Milliken v. County of Callahan, 69 Tex. 205, 6 S. W. 681; Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Tell v. Rio Bravo Co., 47 Tex. Civ. App. 153, 104 S. W. 420; Stuart v. Telegraph Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623. Under the lease or agreement in this case, as alleged, the appellee had the right to use the land, but had no right to use it so as to injure the freehold by destroying the fence or appropriating it to his own use, and, if he did so, he not only breached his contract, but, if it was of such a character as to authorize a suit as for a tort, all of the damages recoverable for the thing done or committed either in an action ex delicto or ex contractu may be recovered in the one suit. Stuart v. Telegraph Co., supra.

[4] The third and fourth assignments relate to the exclusion of the testimony of appellants to the effect that the value for pasturing cattle was $1 per head per month, etc. It was alleged that appellee should have the refusal of the grass for the most that could be realized therefrom for grazing purposes. The evidence offered was that cattle taken by the owner or possessor of land to pasture was so much per head per month. The pleadings in this case show appellee was in possession of the land and would use the pasture for cattle and horses. The evidence offered was to show the value of an agistment; that is, taking another person's cattle into his own ground to feed for a consideration to be paid by the owner of the cattle. The case alleged was to pay for the value of grass leased in possession of the owner of the cattle. The liabilities and duties under the two relations above set out are quite different. The trial court properly excluded the evidence.

In this case appellant did not prove the value of the grass, and the court properly instructed a verdict for the amount tendered by appellee. However, we believe the court was in error in striking out the fourth paragraph upon the exceptions urged, and for that reason the judgment will be reversed and remanded.