## REGESTER v. LANG.

### ROBERTS v. SAME.

### No. 949.

Court of Civil Appeals of Texas. Waco.
Nov. 20, 1930.

Rehearing Denied Dec. 18, 1930.

Callicutt & Upchurch and Taylor & Howell, all of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellee.

STANFORD, J.

This is an appeal by H. W. Regester and H. H. Roberts, respective plaintiffs below in causes Nos. 16429 and 16444, v. C. Eugene Lang, which causes were consolidated by the trial court. From the verdict and judgment on the trial of the consolidated causes in favor of C. Eugene Lang, the said Regester and Roberts have appealed and will hereafter be referred to as appellants, and the said Lang as appellee. Appellant Regester's suit was against appellee for specific performance of an alleged oral contract, by the terms of which it was alleged the said appellee agreed to convey to him, Regester, a $\frac{5}{57}$ interest in an oil drilling device known as Lang's Twist Drilling Rotary Bit, and a like interest in a machine shop belonging to said Lang, in consideration for services alleged to have been rendered by Regester in procuring a purchaser for a $\frac{10}{57}$ interest in said device and machine shop, and for services theretofore rendered Lang to the amount of some $1,500; that the result of such negotiations was the sale to H. H. Roberts of a $\frac{10}{57}$ interest in the device and machine shop for the consideration of $5,000, for which services it was agreed that Regester should receive a $\frac{5}{57}$ interest; that Regester had procured such purchaser in H. H. Roberts, who was ready, willing, and able to carry out his said contract of purchase of a $\frac{10}{57}$ interest for $5,000 and had offered to do so, whereby he (the said Regester) was entitled to receive a $\frac{5}{57}$ interest in accordance with his contract with Lang; but that Lang had failed and refused to perform his said contract either with Regester or with Roberts, etc. On the filing of the suit of Regester v. Lang a temporary injunction was procured by Regester on his execution of a bond for $1,000, restraining Lang from selling or disposing of said drilling device and the machine shops, etc. On a later date appellant H. H. Roberts filed his suit against appellee, Lang, for specific performance of an oral contract alleged to have been made with the said Lang, through the said Regester acting as agent for Lang, to sell to Roberts a $\frac{10}{57}$ interest in said drilling device and machine shop for an agreed consideration of $5,000. Roberts alleged he had purchased from Lang, through Regester as Lang's agent, a $\frac{10}{57}$ interest in said property for $5,000, and that he was ready, willing, and able to perform his said contract of purchase and had tendered payment to Lang, but that Lang had refused to perform

his part of said contract; Roberts also prayed for specific performance. Appellee answered both suits by separate answers, denying in toto that he made either of said contracts. On motion of appellee Lang, the court consolidated said suits, and as consolidated tried same to a jury on special issues, the findings of the jury being as follows:

"Issue No. 1: The defendant Lang, acting by and through H. W. Regester, did not offer to sell to H. H. Roberts a $\frac{10}{57}$ interest in the rotary bit and in his machine shop located on what is known as the Edens property, and to pool the interest of all the owners of said bit for the sum of $5,000.00 to be paid by H. H. Roberts."

"Issue No. 2: The plaintiff H. H. Roberts did not accept the offer of the defendant Lang and agree to pay to the defendant Lang the sum of $5,000.00."

"Issue No. 3: H. H. Roberts was not such a person as was ready, willing and able to pay the sum of $5,000.00 at such time as it was agreed to be paid."

"Issue No. 4: The defendant C. Eugene Lang did not agree to give H. W. Regester a $\frac{5}{57}$ interest in said rotary bit and machine shop located on the Edens property in compensation for his services to the said C. Eugene Lang."

"Issue No. 5: The sum of $500.00, if paid now in cash, will reasonably compensate the defendant C. Eugene Lang for damages suffered by him financially by reason of the issuance of an injunction in this cause, which was procured by H. W. Regester."

On said findings the court entered judgment for appellee Lang, and also awarded appellee Lang $500.00 damages against appellant Regester and the surety on his bond, for wrongfully suing out the temporary injunction granted in this case. The appellants duly appealed and present the record here for review.

Under their first proposition appellants contend, in effect, that the consolidation of said suits by the court was reversible error. The record shows appellee, Lang, had perfected a drilling bit known as the Lang Twist Drill Rotary Bit. This entire litigation arose over asserted interests in this bit. Appellant Regester claimed substantially that, in consideration of his selling, as agent for Lang, a $\frac{10}{57}$ interest in said patent to Roberts for $5,000, Lang, as per oral contract, became obligated to convey to him (Regester) a $\frac{5}{57}$ interest therein and credit him for other alleged services to about $1,500. Appellee Lang denied having made such agreement with Regester, so Regester brought his suit for specific performance. Then appellant Roberts filed his suit against Lang for specific performance, claiming that, through Regester as agent for Lang, he entered into a

contract with Lang under which Lang became obligated to convey to him a $10\frac{1}{57}$ interest in said patent for $5,000. Lang denied such contract, and denied that Regester had any authority to make such contract; hence the Roberts suit for specific performance. It will thus be seen the alleged contract of each Regester and Roberts with Lang, and the rights of the respective parties to specific performance thereof, was dependent upon a finding upon substantially the same contract. A finding that Lang did not make the alleged Regester contract would have been fatal to a cause of action by either of the appellants; and, so a finding that the alleged Regester contract had been made by Lang would have entitled both Regester and Roberts to recover from him. We think clearly Regester and Roberts could have joined in a suit for the purpose of enforcing specific performance of the alleged oral contract, and, if so, then the court correctly consolidated said suits. As the two suits were pending on the docket of the same court, grew out of the same transaction, involved the same facts, and were dependent upon the same proof, we think the trial court was correct in consolidating same. Article 2160, Revised Statutes; Texas Jurisprudence, Vol. 1, pages 675, et seq.; Halliburton v. Martin, 28 Tex. Civ. App. 127, 66 S. W. 675. It is also true that an order consolidating actions will not be disturbed or reviewed on appeal, except in case of a manifest abuse of discretion resulting in prejudice to appellants. Vernor v. Sullivan & Co. (Tex. Civ. App.) 126 S. W. 641; Young v. Gray, 65 Tex. 99; Leslie v. Elliott, 26 Tex. Civ. App. 578, 64 S. W. 1037; Ferguson v. Dodd (Tex. Civ. App.) 183 S. W. 391; Hardin v. Majors (Tex. Civ. App.) 246 S. W. 100; Western Union Telegraph Co. v. Morrow (Tex. Civ. App.) 208 S. W. 689; Cox v. Steed, 62 Tex. Civ. App. 193, 131 S. W. 246. We do not think there was any error in consolidating said cases, but, if there was, evidently appellants sustained no injury by reason thereof. This proposition is overruled.

Under the second, third, fourth, and eleventh propositions, appellants contend it was reversible error for the trial court to permit counsel for appellee, over objection of appellants, to discuss in his argument to the jury the failure of appellant Roberts to pay into the registry of the court the alleged $5,000 consideration for a $10\frac{1}{57}$ interest in the patent, in view of the fact the trial court had theretofore refused to require said deposit to be made. The argument of which complaint is made was as follows: "Gentlemen of the Jury, the suit of these plaintiffs, in my opinion, is a deliberate frame-up between Regester and Roberts, born after they found out the value of this patent, to tie up old man Lang and compel him to compromise an unfounded claim and surrender to them an interest in a valuable patent and properties without themselves putting up one dollar or taking any risks whatever. This man Roberts, the investment banker from Dallas, has refused to pay one dime to old man Lang or to deposit the $5,000.00 that he promised to deposit in Court. Gentlemen of the Jury, what assurance has Lang that Roberts will ever pay one dime of the alleged consideration that Roberts claims he was to pay for this patent interest and properties, and you have no right to assume that he will do so. He (meaning Roberts) has refused to pay one dollar of what he himself claims he was to pay, and has refused to deposit the money in the custody of the court. Gentlemen, if you decree a specific performance of this so called contract of sale these plaintiffs would have Lang's hands tied without having paid one dollar's consideration."

 There is no statement in the bill of exceptions, nor in any part of the record, that the argument of which complaint is made was not called for or provoked in response to some argument by opposing counsel. This being true, no error is shown. Oilbelt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338; Texas Pacific Coal & Oil Company v. Grabner (Tex.Civ. App.) 10 S.W.(2d) 441; Thompson v. Caldwell (Tex. Civ. App.) 22 S. W.(2d) 720; Vincent v. Bell (Tex. Civ. App.) 22 S.W.(2d) 753. It is further true there is no contention on the part of appellants that the evidence is not ample to support the findings of the jury. This being true, it is reasonably apparent appellants suffered no injury by reason of said argument. Furthermore, as to whether or not appellant sustained injury by reason of said argument, if it was improper, was a question addressed primarily to the discretion of the trial court, and, unless that discretion is shown to have been abused, an appellate court will not reverse. Vincent v. Bell (Tex. Civ. App.) 22 S.W.(2d) 753 (writ dismissed); Brazelton v. Ry. Co. (Tex. Com. App.) 296 S. W. 290; Travelers' Insurance Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568; Emberlin v. Ry. Co. (Tex. Com. App.) 284 S. W. 539; Smith v. Irwin (Tex. Civ. App.) 7 S.W.(2d) 926. We think further at least a large part of the argument of which complaint is made was proper and not subject to the criticism made. Counsel had the right to comment upon the fact that Roberts and Register were seeking to compel Lang to convey to them a $15\frac{1}{57}$ interest in the patent without having tendered to Lang the $5,-000. This was shown by the record and all the evidence. There was no attempt to separate the argument admittedly proper and that claimed to be improper; this being true, the objection is clearly not well taken. Newton v. State (Tex. Cr. App.) 26 S.W.(2d) 233. The question here involved arose as follows: Appellee presented at the beginning of the trial of this case a motion asking the court to require appellant Roberts to deposit in the

registry of the court the $5,000, the consideration agreed by Roberts to be paid to Lang for the $10/57$ interest in said patent. The appellants resisted this motion, and the court overruled said motion, stating he would control this in the entry of the judgment. What the court decided was not the admissibility of any evidence, but only that Roberts was under no legal obligation to make such deposit at that time. The fact that Roberts claimed to have bought an interest of $5,000 in the patent, the fact that he promised to pay $5,000 therefor, the fact that he had not paid same or made a deposit thereof, the fact Roberts was suing Lang to recover the $10/57$ interest in said patent, all appeared from the pleadings, and was proper to be argued. Appellee's counsel had the right to argue matters before the court, and draw his conclusions therefrom. Neither do we think there was any error in the court's refusal to instruct the jury at the request of appellants that it was not necessary for Roberts to pay the consideration into the registry of the court or tender same at the trial, he having made formal tender thereof in his pleadings. We overrule appellants' second, third, fourth, and eleventh propositions.

■ Under their fifth proposition, appellants contend the court erred in charging on the burden of proof as follows: "You are charged that the burden of proof is on the plaintiff H. H. Roberts to prove by a preponderance of the evidence the matters set forth in issues Nos. 1, 2, and 3. You are charged that the burden of proof is on the plaintiff H. W. Regester to prove by a preponderance of the evidence the matters set forth in issue No. 4. You are charged that the burden of proof is on the defendant, C. Eugene Lang to prove by a preponderance of the evidence the matters set forth in issue No. 5, and in determining all these issues you will take into consideration all of the evidence that has been introduced before you." Appellants objected to this charge on the ground that placing the burden of proof as to issues Nos. 1, 2, and 3 on Roberts, and as to issue No. 4 on Regester, in the language and manner done in this case, tells the jury upon whom the burden rests and not where it rests, and places the jury in the position of necessarily knowing the effect of their answers upon the rights of the parties. We have examined the authorities cited by appellants, and conclude that none of them hold that a similar charge was erroneous. What most, if not all, of said authorities do hold, is that a charge which tells the jury that the burden is upon plaintiff to prove his right of recovery by a preponderance of the evidence, or to prove the material allegations of his petition, is an erroneous charge. Clearly, such holdings are correct, but such is not the charge in this case. Neither do we think this charge on the burden of proof was objectionable in that it was a general charge.

Appellants, in effect, admit that it was correct in placing the burden of proof upon Roberts as to the first three issues, and upon Regester as to the fourth, and upon appellee Lang as to the fifth. The charge is, in effect, the same as if the court had asked the jury if they found said respective issues in favor of said respective parties by a preponderance of the evidence. We think the charge as applied to this case is correct. Newsom v. Couch (Tex. Civ. App.) 262 S. W. 155 (writ dismissed); Chittim & Parr v. Martinez, 94 Tex. 141, 58 S. W. 948; Lancaster v. Snider (Tex. Civ. App.) 207 S. W. 560; Youree v. Bradley (Tex. Civ. App.) 275 S. W. 410, 411; H. & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S.W. (2d) 995, pars. 3 and 4. This proposition is overruled.

■ Under their sixth proposition appellants contend the court erred in submitting special issue No. 1 as follows: "Did the defendant Lang, acting by and through H. W. Regester, if he did, offer to sell to H. H. Roberts a $10/57$ interest in the Rotary Bit and in his Machine Shop located on the Edens property and to pool the interest of all the owners of said bit for the sum of $5,000.00 to be paid by H. H. Roberts. Answer 'Yes' or 'No.' (Tr. 27)" Because said question is duplicitous and submitted two separate and inconsistent issues of fact. The record shows the issue submitted to the jury whether or not the identical contract testified as having been made by both of the appellants Regester and Roberts, and denied in toto by Lang, was in fact made. Appellants testified fully as to what the contract, specific performance of which was sought, was, and the issues framed submitted the very elements of said contract according to appellants' testimony. Either the contract testified to by them was made or it was not made, and the court in submitting the issue used the very language of the appellants themselves. Every part of the issue, that is (1) did Lang offer to sell $10/57$ interest in the bit and the machine shop, and (2) did Lang agree to pool the interest of all the owners, were essential elements of the contract testified to by appellants, and each of the elements thereof were so closely interwoven that it is thought they were properly submitted in one issue. Under the testimony of the appellants, the jury could not have found that Lang agreed to sell $10/57$ interest for $5,000 and still find that he refused to pool the interests of the owners; nor could the jury have found that he agreed to pool the interests and refused to sell the $10/57$ interest. Both of these elements were necessary parts of the contract pleaded and sought by appellants to be proven. Appellants testified, in effect, that Lang agreed to sell to Regester a $5/57$ interest and to Roberts a $10/57$ interest for $5,000, and to pool the interests of all parties, so each owner would have only one vote, so Lang could not have control of the business.

Appellee Lang testified: "I never at any time agreed to convey a $10/57$ interest to Roberts, and a $5/57$ interest to Regester, in the patented bit, and to pool the interests." The issue submitted simply grouped the facts pleaded and testified to by appellants as constituting the contract, of which specific performance was sought. As a matter of fact, the question submitted only one issue, and that was whether or not the contract testified to by the appellants was made. Wortham v. Bull (Tex. Civ. App.) 19 S.W.(2d) 211; Dallas Ry. Co. v. Nix (Tex. Civ. App.) 22 S.W.(2d) 488; San Antonio & A. P. R. Co. v. Stuart (Tex. Civ. App.) 178 S.W. 17; Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 842; Zavala Land & Water Co. v. Tolbert (Tex. Civ. App.) 184 S. W. 523; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667. This proposition is overruled.

Under appellants' twelfth and thirteenth propositions they contend, in effect, the court erred in giving to the jury the fifth special issue, because same submits no proper measure of damages, and because there was no evidence that any damage resulted to appellee by reason of the injunction being issued. We think the measure of damages as given by the trial court was substantially correct. The record shows the injunction was issued on August 3, 1929, and was served on appellee Lang on August 4, 1929. The date of the judgment in this case was October 14, 1929. During the time from August 4, 1929, to October 14, 1929, the business of manufacturing and selling said rotary blades and heads was tied up by said injunction. Appellee Lang was the only witness who testified to the amount of damages resulting to him by reason of the issuance and service of the injunction, and under his evidence, which is uncontradicted, the jury, we think, could have awarded appellee larger damages than it did. We think the evidence is sufficient to support the verdict of the jury.

We have considered all of appellants' assignments, and, finding no reversible error, overrule same, and affirm the judgment of the trial court.